LAFAYETTE F. MAIN, ADMINISTRATOR (ESTATE OF LENA B. MAIN) *v.* TOWN OF NORTH STONINGTON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 6, 1940.

*Lafayette F. Main,* for the appellant (plaintiff).

*Herbert W. Rathbun,* for the appellee (defendant).

PER CURIAM. This action was brought by the plaintiff to recover damages for the death of the decedent, his wife, alleged to have been caused by a defect in a certain highway in the defendant town. At the trial a nonsuit was directed upon the ground that no such notice of the injury had been given as is required by § 1420 of the General Statutes, and from the refusal of the trial court to set it aside the plaintiff has appealed. The decedent was injured on December 1, 1937, and on December 4th the plaintiff sent to the first selectman of the defendant town two communications in the same envelope. One called attention to a particular spot on

the road upon which the decedent suffered her injury, and stated that the conditions there had been the cause of inconvenience and damage to travelers but made no reference to the injury to his wife and was no more than a general complaint. The other was a notice of the injury and a claim for damages. It stated the injury occurred "on the road that runs from Norwich and Westerly State Road over Swanstown Hill at the northwest corner so-called"; that the decedent "got hurt"; that she "made every effort to get home but could not; besides getting hurt she had to walk home and leave her car"; and that the defective condition of the road was the cause of her "getting hurt."

In the case of a claim for injuries due to a defective highway the statute provides that no action shall be maintained unless written notice of the injury and "a general description of the same, and cause thereof and of the time and place of its occurrence" shall be given, with a further provision that no notice "shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." No matter how meritorious a claim for injuries may be, it is not in the power of the courts to entertain the action unless there has been a compliance with the statute. The function of the court, where, as in this case, notice of the injury has been given, is to determine whether it meets the requirements which the legislature has seen fit to lay down.

Whatever might be said as to the sufficiency of the description of the place of the injury given in the notice when read in connection with the communication included in the same envelope, there was no description of the injury. The word "hurt" would in-

clude any injury whether it was very trivial or very serious and whatever its nature. The saving clause in the statute obviates inaccuracies in the description of an injury but cannot supply the lack of any description at all. *Marino* v. *East Haven,* 120 Conn. 577, 580, 182 Atl. 225. In that case a notice stating that the plaintiff "fell and was injured" was held insufficient. In *Mascagna* v. *Derby,* 123 Conn. 684, 192 Atl. 728, a notice stating that the plaintiff "was taken in the ambulance" to a certain hospital and was under the care of a physician but "did not know the full extent of my injuries" was held not to comply with the statute. These authorities are conclusive upon the case before us and the trial court was correct in deciding that the notice did not comply with the statute.

There is no error.