This is an action against the highway commissioner under § 13-87 of the General Statutes for injuries caused by a defective sidewalk. To it, he demurs on the ground that the notice given pursuant to the statute is defective because it does not set forth a general description of the injury. As to this issue the notice alleges: "Mrs. Dunn received an injury to her knee necessitating medical treatment and confining her to her bed and home for many days."
There are no discussions in the cases involving this section which settle this question. There are *Page 114 
several concerning the similar provision requiring a general description of the injury under § 13-11, which creates an action against the municipality therefor. These latter have progressively narrowed the question of sufficiency of that general description to the razor's edge. In considering whether or not they determine by analogy the language of § 13-87, the so-called "saving clause" must be kept in mind. This provision of § 13-11 reads: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."
Where a notice fails to give any description whatever of the injury claimed, the provisions referred to (i.e. § 13-11) cannot avail to validate it. While this is so, the saving clause does serve to obviate inaccuracies in the description of an injury. Flynn v.First National Bank Trust Co., 131 Conn. 430,434 (1944); Main v. North Stonington, 127 Conn. 711,713 (1940). Wording such as "got hurt" and "getting hurt" (Main v. North Stonington, supra, 712), "was taken in the ambulance to the Griffin Hospital . . . and . . . do not know the full extent of my injuries" (Mascagna v. Derby, 123 Conn. 684,685 [1937]) or "fell and was injured" (Marino v.East Haven, 120 Conn. 577, 578 [1935] is insufficient. "[B]ruises on other parts of her legs and body"(Flynn v. First National Bank Trust Co., supra) was held sufficient to permit recovery for a back injury, it being found as a fact that there was no intent to mislead under the saving clause. That the absence of this clause from § 13-87 is of significance has been pointed out. Schaap v. Meriden, 139 Conn. 254,256 (1952). *Page 115 
The question whether this notice (under § 13-87) failed entirely to meet the requirements of the statute as to a general description of the injury, its cause, and the place and time of its occurrence is one of law for the court. The test is whether the notice meets the requirement that it "`furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.'"Morico v. Cox, 134 Conn. 218, 223 (1947). If the test is met, then the adequacy of the notice becomes one of fact for the trier. Ibid.
The cause of action created by § 13-87 is a pure creature of statute, wholly unauthorized by the common law; Wethersfield v. National Fire Ins. Co.,145 Conn. 368, 371 (1958); Bergner v. State,144 Conn. 282, 287 (1957); and the giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state or any subdivision thereof.Wethersfield v. National Fire Ins. Co., supra. "`No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express.'" Dennis
v. Shaw, 137 Conn. 450, 452 (1951). Furthermore, the absence of the saving clause from § 13-87 is persuasive that the legislature intended a strict interpretation. Section 2020 of the Revision of 1902, the original antecessor of § 13-11, was enacted long before the original antecessor of § 13-87, which was Public Acts 1925, c. 263, § 47. The successive reenactments and revisions of these statutes without the insertion of that clause by the General Assembly into § 13-87 are conclusive of the *Page 116 
legislative intent. The legislature is presumed to be aware of the interpretation placed upon its legislation by the courts and the effect which its own nonaction thereafter may have. Buxton v. Ullman,147 Conn. 48, 56 (1959); State ex rel. Butera v. Lombardi,146 Conn. 299, 305 (1959).
Under a strict interpretation, it must be held that the notice in the case at bar utterly fails in its purpose as the test is set forth in Morico v. Cox, supra. See Schaap v. Meriden, supra. A mere statement of "an injury to her knee" is not that "general description of the same" which the statute makes a condition precedent to the maintenance of an action under it. Marino v. East Haven, supra, 579. It "would include any injury whether it was very trivial or very serious and whatever its nature."Main v. North Stonington, supra. It does not furnish a reasonable guide to the commissioner in the conduct of his inquiries for the preservation of his interests. Morico v. Cox, supra.
 The demurrer is sustained.