[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 5, 1988, the plaintiff Lenore T. Blake was involved in a motor vehicle accident with a vehicle driven by Paul Santoro. Counts three and six of the plaintiff's complaint are directed against the State of Connecticut, Department of Transportation pursuant to Connecticut General Statutes 13a-144, the defective highway statute. The defendant has moved to dismiss counts three and six of the complaint on the grounds that the plaintiff has failed to meet the notice requirements of Connecticut General Statutes 13a-144.
The defendants specifically claim that the plaintiff has failed to provide an adequate description of the injury that she allegedly sustained in the auto accident. Connecticut General Statutes 13a-144
provides in pertinent part:
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
Conn. Gen. Stat. 13a-144 (emphasis added).
The purpose of the notice requirement under 13a-144 is to "furnish the party against whom a claim was to be made such warning as would prompt him to make such injuries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." Shine v. Powers, 37 Conn. Sup. 710, 712 (1981) quoting Morico v. Cox, 134 Conn. 218, 223 (1947).
The plaintiff's general description of the injury in the instant case stated only that she "suffered substantial injuries, the extent of which, at this date, cannot be determined." In Dunn v. Ives, 23 Conn. Sup. 113, (1961) the description of injury referred to "an injury to her knee necessitating medical treatment. . ." Id. at 113. Such notice, which is definitely more detailed than the notice provided in the instant case, was held to "utterly fail" in its purpose. Id. at 116. CT Page 2070
There exists no substantial difference in the duties imposed by the statute which places liability upon a municipality for an injury caused by a defective road and the statute which makes the state liable for such a defect. Comba v. Ridgefield, 177 Conn. 268, 269-70 (1979). Therefore, it is appropriate to also look to municipal liability cases to determine the sufficiency of a general description of an injury. In Mascagna v. Derby, 123 Conn. 684, 685 (1937) notice stating that the plaintiff "was taken in the ambulance" and did not know the full extent of the injuries sustained was held to not comply with the statute which required a general description of the injury. Notice stating that the plaintiff "got hurt" was likewise held to be inadequate. Main v. North Stonington, 127 Conn. 711, 712 (1940). Moreover, notice that the plaintiff "fell and was injured" was held to be invalid because of its failure to give any description whatsoever of the injury allegedly sustained. Marino v. East Haven, 120 Conn. 577, 578-80 (1934). Similarly, the notice in this case stating only that the plaintiff had suffered substantial injuries fails to provide a description of the injuries sufficient to meet the notice requirement.
It is the duty of the trial court to determine as a matter of law whether a purported notice "patently meets or fails to meet" the statutory requirements of 13a-144. Ozmun v. Burns, 18 Conn. App. 677, 681
(1989) quoting Zotta v. Burns, 8 Conn. App. 169, 173 (1986). The giving of statutory written notice of injury is a condition precedent to a cause of action under 13a-144. Schapp v. Meriden, 139 Conn. 254,256 (1953). Since the general description of the injury in this case is insufficient to provide the commissioner with a general description of the injury, the plaintiff cannot proceed with counts three and six of the complaint.
Accordingly, the motion to dismiss counts three and six of the complaint is granted.
PICKETT, J.