[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action pursuant to Conn. Gen. Stat. See. 13a-149
to recover damages for personal injury allegedly incurred by means CT Page 796 of a defective road. The statute in question has a notice provision, which provides in relevant part that:
 No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same . . . shall, within ninety days thereafter be given . . . to the clerk of such city. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury . . . if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
(Emphasis added.)
The accident in question occurred in Waterbury on January 24, 1988. On March 1, 1988, the plaintiff's attorney gave written notice to the town clerk of Waterbury. The sole description of the plaintiff's injury contained in the notice is as follows: "As a result of the skidding, she struck a light pole on the northerly side of Robbins Street causing her to sustain serious injuries, some of which may be permanent."
The defendant city has now moved for summary judgment claiming that, "[A]s a matter of law, the plaintiff's notice is insufficient and invalid and as such, the plaintiff's cause of action for breach of statutory duty pursuant to Connecticut General Statutes Section 13a-149 may not be maintained." For the reasons discussed below, the defendant's motion is granted.
As far as the notice is concerned, there is no genuine issue as to any material fact. Practice Book sec. 384. A copy of the notice in question is attached to the plaintiff's complaint as well as to the defendant's motion, and there can obviously be no factual dispute as to what it says. The question is whether the moving party is entitled to judgment as a matter of law.
The question of law presented in this case was definitively answered by the Connecticut Supreme Court in Marino v. Town of East Haven, 120 Conn. 577, 182 A. 225 (1935). The plaintiff in that case had stated in his notice that he "fell and was injured," id. at 578. A demurrer to the complaint on the ground of inadequate notice was granted by the trial court, and no error was found on appeal. The Supreme Court explained that, CT Page 797
 The giving of a notice sufficient to satisfy the requirements of the statute is a condition precedent to the maintenance of an action under it. The obligation to comply with the statute in this respect rests upon the plaintiff, and lacking such sufficient notice he has no cause of action which he can maintain against the defendant town. Nicholaus v. Bridgeport, 117 Conn. 398, 401, 402, 167 A. 826 [(1933)]. The sufficiency of the notice is to be tested by the provisions and purpose of the statute. . . . That purpose is that the officers of a municipal corporation against which claim is made for damages for injuries shall be provided with such information as will enable them to intelligently investigate the facts upon which the claim is made. Shaw v. Waterbury, 46 Conn. 263, 266 [(1878)].
Id. at 578-79.
The Marino court went on to hold that the notice in that case entirely omitted any description of the injury and that the savings clause in the statute could not make valid a notice which failed "to give any description whatever of the injury claimed to have been sustained." Id. at 580. It concluded that, "[T]he omission of description of the injury was a sufficient ground to sustain the demurrer and defeat the plaintiff's action." Id. at 581.
Similar holdings can be found in Main v. Town of North Stonington, 127 Conn. 711, 16 A.2d 356 (1940) (notice that the decedent "got hurt" held insufficient), and Mascagna v. City of Derby, 123 Conn. 684, 194 A. 728 (1937) (notice that "I . . . at present do not know the full extent of my injuries" held insufficient). At least one Superior Court judge has gone even farther, holding a plaintiff's notice of "an injury to her knee" insufficient. Dunn v. Ives, 23 Conn. Sup. 113, 177 A.2d 467
(1961). The notice in this case was obviously less descriptive than that in Dunn. Its lack of description closely resembles the notices held insufficient in Main, Mascagna, and Marino, and a similar result must follow.
The defendant's motion for summary judgment is granted.
Dated at Waterbury, this 23rd day of January, 1991.
JON C. BLUE, J. CT Page 798 JUDGE OF THE SUPERIOR COURT