[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS SECOND COUNT
In a two-count complaint filed on March 19, 1990, plaintiff Jill Atwood Consiglio seeks to recover damages she allegedly suffered as a result of an automobile accident.
The second count is against the Commissioner of Transportation of the State of Connecticut, and is brought pursuant to Conn. Gen. Stat. 13a-144. The commissioner has moved to dismiss the action on the ground that the statutorily required notice given to the commissioner does not describe the injuries allegedly sustained nor does it adequately describe the place of the occurrence.
Conn. Gen. Stat. 13a-144, authorizing suits against the state for injuries caused by defective highways, provides in part:
 No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing ninety days thereafter to the commissioner.
The notice to the commissioner given by the plaintiff in this case states
 This is to put you on notice of an automobile accident in which I was involved which occurred on February 17, 1988, at 8:09 A.M., on West Street, Rocky Hill, CT, approximately 325 feet east of Gilbert Avenue, due to an ice covered area of road of approximately 300 feet on was informed this road was the scene of several accidents the previous evening and was not sanded until after my accident occurred.
The plaintiff argues that this notice was sufficient to put the commissioner on notice and to prompt the state to make inquires and investigate. She also intimates that a letter from the commissioner stating that the matter had been referred to the state's insurer for investigation estops the commissioner from denying the sufficiency of the notice. CT Page 7048
The court's lack of subject matter jurisdiction is properly raised by as motion to dismiss. Conn. Practice Bk. 143. Sovereign immunity may only be waived by statute, Struckman v. Burns, 205 Conn. 542, 558 (1987), and the defense of sovereign immunity may be raised by a motion to dismiss. Duguay v. Hopkins, 191 Conn. 222, 227 (1983). Conn. Gen. Stat. 13a-144 constitutes a waiver of the state's sovereign immunity and it must be strictly construed. Struckman,205 Conn. at 558. Failure to comply with the notice provision of the statute may be raised on a motion to dismiss. Collins v. City of Meriden, 2 Conn. L. Rptr. 309, 310 (July 30, 1990, Gaffney, J.).
In this case, plaintiff's notice to the commissioner is devoid of any description of her injuries, or that any injuries were suffered. A notice containing substantially more of a description was held to "utterly fail" in Dunn v. Ives, 23 Conn. Sup. 113, 116 (C.C.P 1961) (". . . an injury to her knee necessitating medical treatment and confining her to her bed . . . .").
We conclude that plaintiff has not complied with the notice requirement off 13a-144, her notice is patently defective, and defendant's motion to dismiss should be granted.
Regarding plaintiff's claim of estoppel, see Hood v. DiSturco, 2 Conn. L. Rptr. 170 (August 15, 1990, Flanagan, J.).
Motion to Dismiss second count granted.
WAGNER, J.