[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Norwalk Co-op, Inc., has filed an action seeking to recover damages pursuant to General Statutes 13a-149
against the defendant Town of Greenwich. The plaintiff alleges that on February 8, 1988, its employee was operating the plaintiff's truck on Glenville Road in the Town of Greenwich. As the truck proceeded on this street, it struck a tree limb which projected out on to the roadway, and as a result, the truck sustained damages. The plaintiff alleges that the defendant was responsible for maintaining this "defective, hazardous condition."
The plaintiff provided the defendant with written notice, as required by General Statutes 13a-149, by mailing a letter dated February 19, 1988, to the Town Clerk. This letter, which is attached to the complaint, reads in pertinent part:
 On February 8, 1988, an eighteen foot 1987 International truck owned by Norwalk Co-op, Inc. and driven by Darian McCulley, was involved in an accident on Glenville Road, Greenwich. . . . We . . . are hereby informing the town of Greenwich that we feel the responsibility for this accident lies within your venue. Mr. McCulley stated that, while traveling northbound in his lane, he struck an overhanging branch that extended approximately six feet from the ground and approximately two feet over the asphalt. . . . Although the limb has CT Page 6677 subsequently been removed by the town . . . the tree in question still infringes upon the road. . . . Norwalk Co-op, Inc. will proceed accordingly in seeking damages for this . . . accident. . . .
The defendant has now filed a motion for summary judgment (#113), along with an affidavit of its assistant superintendent of highways, and other supporting documents. The plaintiff, in opposing summary judgment, has filed an affidavit of its president, and other supporting documents.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368
(1985).
"Once the moving party has filed the appropriate documents, the party opposing the motion must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted). Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). Rather, the opposing party must "recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents." Id., 39-40.
In support of its motion for summary judgment, the defendant argues that there are no genuine issues of material fact, and that the plaintiff has clearly failed to provide the town with adequate written notice of its claim, as required by General Statutes 13a-149, and therefore, the defendant is entitled to judgment as a matter of law.
The defendant contends that the plaintiff's written notice fails to sufficiently describe the nature of its injuries or damages, as well as the location of the accident. In response, the plaintiff argues that questions of material fact exist regarding the adequacy of notice given to the town. The plaintiff also argues that a question of fact exists as to whether the defendant was misled or prejudiced by the CT Page 6678 plaintiff's letter of notice, thus attempting to invoke the savings clause of the statute.
Section 13a-149 of the General Statutes provides in pertinent part that: "No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city of borough, or to the secretary or treasurer of such corporation . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
The notice requirement prescribed by 13a-149 consists of five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause of the injury; (4) the time that the injury occurred; and (5) the place where it occurred. Marino v. East Haven, 120 Conn. 577, 579,182 A. 225 (1935). The giving of written notice is a condition precedent to maintaining a cause of action under the defective highway statute. Wethersfield v. National Fire Ins. Co.,145 Conn. 368, 371, 143 A.2d 454 (1958).
Section 13a-149 contains a saving clause which provides that "notice given under the statute will not be invalidated because of inaccuracies in its content as long as there was no intent to mislead the municipality or the municipality is not in fact misled." As pointed out in Giannitti v. Stamford, 25 Conn. App. 67,75-76, 593 A.2d 140, cert. denied, 220 Conn. 918,597 A.2d 333 (1991), these are two separate requirements, either one of which may be satisfied. "While the saving clause will excuse inaccuracies in the content of the notice, . . . it will not excuse a complete absence of notice." (Citation omitted). Bassin v. Stamford, 26 Conn. App. 534, 538, 602 A.2d 1044 (1992).
The defendant argues that the plaintiff's notice fails to sufficiently describe the nature of the plaintiff's injuries. Whether notice is sufficient is normally a question of fact. Morico v. Cox, 134 Conn. 218, 223-24, 56 A.2d 522 (1947). However, before this question can be submitted to the trier of fact, the court must first determine whether, as a matter law, a purported notice "patently meets or fails to meet" the statutory requirements. Ozmun v. Burns, 18 Conn. App. 677, 681,559 A.2d 1143 (1989), quoting Morico v. Cox, supra, 223. The failure to give any description beyond the mere assertion that the injury CT Page 6679 or damage occurred is insufficient to meet the statutory requirements. Mascagna v. Derby, 123 Conn. 684, 685, 194 A. 728
(1937); Shine v. Powers, 37 Conn. Sup. 710, 712, 435 A.2d 375
(App. Sess. 1981); Dunn v. Ives, 23 Conn. Sup. 113, 114,177 A.2d 467 (Ct. Comm. Pleas, 1961); Consiglio v. Motto,4 Conn. L. Rptr. 608, 609 (September 16, 1991, Wagner, J.). The following descriptions of injuries were held to be insufficient as a matter of law: plaintiff "got hurt," Main v. North Stonington,127 Conn. 711, 712, 16 A.2d 356 (1940); plaintiff "was taken in the ambulance to the . . . Hospital . . . and . . . do not know the full extent of my injuries," Mascagna v. Derby, supra, 685; plaintiff "fell and was injured," Marino v. Town of East Haven, supra, 578; plaintiff suffered "an injury to her knee," Dunn v. Ives, supra, 113; and plaintiff "suffered substantial injuries, the extent of which, at this date, cannot be determined," Blake v. Santoro, 2 Conn. L. Rptr. 335 (October 8, 1990, Pickett, J.)
In the present case, the parties' affidavits do not raise any factual questions regarding the description of "injuries" to the plaintiff's truck, as stated in the plaintiff's written notice.
The plaintiff's notice contains no description of the damages that its truck sustained as result of the accident. The notice states only that the truck struck a tree limb and that the towing company, called in by the police, charged the plaintiff $1,500.00. This description is patently insufficient as a matter of law because it fails to give any detail beyond the fact that an accident occurred, and because it totally fails to describe the damages to the truck.
Even more importantly, plaintiff's written notice fails to sufficiently describe the location where the accident occurred. "The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently." (Citation omitted). Bassin v. Stamford, supra, 539. Notice "is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances to ascertain where the injury occurred." (Emphasis in original). (citation omitted). Id. In the Bassin case, the plaintiff's notice stated that his injury occurred when he "tripped over a raised sewer hole at the Stamford Railroad Station on South State Street" as he "was exiting the Railroad Station on the southbound side." Id. The court ruled that "w]hile the notice . . . could be more specific as to the precise location of the sewer hole over which the plaintiff tripped, it is not so indefinite that no reasonable jury could find that, under the circumstances, it was adequate to identify CT Page 6680 the alleged defect for the city." Id., 539-40.
In the present case, the plaintiff's affidavit does not raise any factual issues as to the location of the accident, and the defendant's affidavit states that Glenville Road, where the accident allegedly occurred, is approximately 2.01 miles in length.
The plaintiff's notice describes the location of the accident as "an accident on Glenville Road, Greenwich," which occurred while the plaintiff's driver was "traveling northbound in his lane." In Bresnan v. Frankel, 5 Conn. L. Rptr. 404, 405 (January 27, 1992, Hendel, J.), the plaintiff's notice described the place of injury as "Route 14A, Plainfield, Connecticut," and the court ruled that notice was insufficient as a matter of law.
In the present case, the plaintiff's notice is much less specific than the notice given in Bassin v. Stamford, and equally as deficient as the notice given in Bresnan v. Frankel. Therefore the notice in the present case is insufficient as a matter of law because it fails to sufficiently describe the place where the plaintiff's injury occurred.
In his affidavit, the plaintiff's president states that there was no confusion about the accident, and no intent on his part to mislead the defendant regarding the damages sustained or the location of the accident, thus attempting to invoke the saving clause in General Statutes 13a-149.
While the saving clause may "obviate inaccuracies in the description of an injury;" Flynn v. First National Bank Trust Co., 131 Conn. 430, 434, 40 A.2d 770 (1944); Main v. North Stonington, supra, 713; where a notice fails to give any description whatsoever of the injury claimed, the saving clause cannot "avail to validate it." Dunn v. Ives, supra, 114. See also Mascagna v. Derby, supra, 685.
In the present case, the plaintiff fails to sufficiently describe the nature of its injuries and the place where the injuries occurred. Therefore, the plaintiff's notice is insufficient as a matter of law and the saving clause, which operates to cure "inaccuracies," does not cure the plaintiff's omissions.
In his affidavit, the plaintiff's president also states that "the police and fire departments were involved," and "the next day . . . the Town had already cut off the offending branches." Even if a police report was in fact given to the Town Clerk, it "is not notice that a claim will be made against the city." Murray v. City of Milford, 380 F.2d 468, 473 (2nd Cir. 1967). CT Page 6681
In his affidavit, the plaintiff's president also states that he "telephoned the Town" and complained about the accident and the physical damage to the truck. General Statutes 13a-149
specifically requires that written notice be given to the town clerk or selectman. See Marino v. East Haven, supra, 579.
Therefore the plaintiff's affidavit fails to raise any genuine issues of material fact with respect to the notice given to the defendant.
Since there are no genuine issues of material fact, and since the plaintiff's written notice to the defendant patently fails to meet the statutory requirements and is insufficient as a matter of law, the defendant's motion for summary judgment dismissing the complaint is granted.
So Ordered.
Dated at Bridgeport, Connecticut this 15 day of July, 1992.
WILLIAM B. LEWIS, JUDGE