[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In his SECOND REVISED COMPLAINT, the Plaintiff alleged that his injuries and property damage were caused by a defective highway in Granby, Connecticut.
The Defendant Town of Granby has moved for Summary Judgment, alleging that the notice provided to the Town of Granby, as mandated by Conn. Gen. Stat. 13a-149, was insufficient as a matter of law with respect to the description of the Plaintiff's injuries, property damage and location of the incident, and that the savings clause of Section 13a-149 is not applicable.
The Plaintiff has submitted an affidavit from his former attorney in this case, which states as follows:
 "5. I gave notice to the Town of Granby of Mr. Wheeler's injuries and actions in accordance with Section 13a-149 of the Conn. Gen. Statutes. See Exhibit A."
"6. Together with the notice to the Town CT Page 10299 of Granby, dated September 24, 1989, I provided the Town of Granby with a copy of the Granby Police Accident Report. See Exhibit B. It is also my practice to provide the Town with the Operators Report of Motor Vehicle Accident, See Exhibit C."
 "7. Subsequent to putting the Town on notice of Mr. Wheeler's accident and injuries, I engaged in a course of correspondence with the Town's insurer as well as with counsel for the Town. See Exhibits D through U. In connection with this correspondence, I provided the Town's insurer with specific documentation regarding Mr. Wheeler's injuries and property damage."
 "8. Through my correspondence with the Town's insurer, the Town of Granby had detailed understanding of where and when the accident occurred and what the injuries were that Mr. Wheeler sustained."
The Connecticut Supreme Court has clearly stated when summary judgment is appropriate.
 "Summary judgment is appropriate when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384. . . . The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts. . . . . . . The facts presented must be viewed in the light most favorable to the nonmoving party." Rawling v. New Haven, 206 Conn. 100, 104, 537 A.2d 439 (1988).
Exhibit A, the purported notice, states that Mr. Wheeler was in "an accident which occurred on the afternoon of August 19, 1989 on Simsbury Road, in the Town of Granby, Connecticut, and in which said accident Mr. Wheeler CT Page 10300 sustained personal injuries and property damage." It further states that "Mr. Wheeler was coming around a curve on Simbsury Road. . . ." This is the only reference in the notice to the location of the accident and to the damages sustained.
Exhibit B, the Town of Granby, Police Accident Report, states that the accident occurred in Granby on Simsbury Road, 4 tenths of a mile South of Barndoor Hills Road", and Mr. Wheeler's vehicle "was north on Simsbury Road at the Simsbury/Granby town line. . . ." It also contains a diagram marked "Not to Scale", which shows only Simsbury Road with 2 curves and a vehicle going off the northbound lane into one of many guardrails shown. There are no measurements to any fixed point. This police report contains no description of any injuries; just that his girlfriend was going to transport him to a hospital, and it leaves blank a box entitled — Parts of Vehicle Damaged.
Exhibit C, Operator's Report of Motor Vehicle Accident, will not be considered by the court, because the submitted affidavit of Linda M. Fabale does not state that this Motor Vehicle Report was provided to the Town of Granby along with the notice; only that "it is my practice to provide the Town with the Operator's Report of Motor Vehicle Accident." Furthermore, the defendant Town has submitted an affidavit from the Town Clerk stating that the Town did not receive the Operator's Report from the plaintiff or his attorney nor is there a copy of such report in the Town Clerk's office.
The Court will not consider the contents of Par. 7 of plaintiff's attorney's affidavit (supra) because these Exhibits, D through U, are letters dated more than ninety days after the date of the accident, and therefore beyond consideration under Section 13a-49 of the Conn. General Statutes.
Section 13a-149 provides in pertinent part as follows:
 "No action for any such injury shall be maintained against any town, city, corporation or bureau, unless written notice of such injury and a general CT Page 10301 description of the same, and the cause thereof and the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town or to the clerk of such city or bureau, or to the secretary or treasurer of such corporation . . . .no notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or bureau was not in fact mislead thereby."
The giving of the statutory written notice is a condition precedent to the cause of action. Wethersfield v. National Fire Insurance Company, 145 Conn. 368, 371
(1958).
 "Ordinarily, the question of the adequacy of the notice is `one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.' Morico v. Cox, 134 Conn. 218, 223, (1947). Before submitting the question to a jury, however, the trial court must first determine whether, as a matter of law, a purported notice, `patently meets or fails to meet'; id.; the statutory requirements." Zotta v. Burns, supra, 173.
Ozmun v. Burns, 18 Conn. App., 677, 681 (1989).
A fair reading of Exhibit A, (the purported notice), together with the police report, Exhibit B, reasonably permits a conclusion that that the accident occurred in the northbound lane of Simsbury Road in Granby, at the Simsbury/Granby town line, .4 of a mile South of Barndoor Hills Road, and that the cause of the accident was a recent resurfacing of the road, which resulted in the road surface being changed from its previous smooth surface, to a CT Page 10302 surface of loose stones and slippery consistency. Inasmuch as this could refer to the entire road surface in the northbound lane, the particular point on an imaginary East-West line across that lane does not have to be identified in the notice, in order to enable the town to make a timely and appropriate investigation of the occurrence. This Court holds that the issue of whether the police report attached to the notice should be considered part of the notice, and if so, the further issue of whether that notice satisfies the `place of the occurrence' notice requirement of Section 13a-149, are issues of fact, and therefore not to be decided by summary judgment.
Regarding the Section 13a-149 requirement relative to injury, that "notice of such injury and a general description of the same" be given to the town, the following references were made to the subject of injury in the Plaintiff's Objection to the Motion For Summary
Judgment:
 1. Exhibit A, notice — ". . .and in which said accident Mr. Wheeler sustained personal injuries and property damage."
 2. Exhibit B — police report — "his girlfriend was going to transport him to a hospital."
This is the sum total of any attempt to describe the Plaintiff's injuries and property damage.
The following descriptions of injury have been held to be insufficient as a matter of law: Plaintiff "got hurt", Main v. North Stonington, 127 Conn. 711, 712 (1940); Plaintiff "was taken in the ambulance to the _____ hospital _____ and _____ do not know the full extent of my injuries," Mascagna v. Derby, 123 Conn. 684, 685 (1937); Plaintiff "fell and was injured", Marino v. Town of East Haven,120 Conn. 577, 578 (1935); Plaintiff suffered "an injury to her knee", Dunn v. Ives, 23 Conn. Sup. 113 (1961); and Plaintiff "suffered substantial injuries, the extent of which, at this state, cannot be determined", Blake v. Santoro, 2 Conn. Law Reporter, 29, 1990 (Pickett, J.).
The Court holds that the description of the CT Page 10303 Plaintiff's injuries contained in Exhibits A and B, ever when those two exhibits are read together, in a light most favorable to the Plaintiff, as a matter of law, fails to meet the statutory (13a-149) requirement of notice of injury, and is therefore insufficient as a matter of law.
In his Objection to the Defendant's Motion for Summary Judgment, the Plaintiff does not raise the issue of the savings clause of Section 13a-149, although the defendant does in its Motion for Summary Judgment and attached Memorandum.
The Court agrees with the Defendant that the savings clause only applies to `an inaccuracy in describing the injury', and not to a total lack of notice, which is the case at hand. See Nicholaus v. Bridgeport, 117 Conn. 398,401 (1933).
The Defendant's Motion for Summary Judgment is granted.
By the Court
Richard A. Walsh, J.