[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, State of Connecticut, has moved to dismiss counts seven, eight and nine of the complaint because proper notice was not given to the State as to the injuries by the plaintiff.
Connecticut General Statutes 132-144 states that the plaintiff must give:
 ". . . notice of such injury and a general description of the same and of the cause thereof. . ."
The notice filed by the plaintiff regarding the injuries states:
 ". . . who sustained injuries when she fell on an accumulation of snow and ice on the sidewalks of 110 West Broad Street also known as Route 1, CT Page 10228 Pawcatuck, Connecticut. . ."
In this case the plaintiff did not comply with the statute in that she failed to give any description of her injury at all.
In the statute involving municipalities, Connecticut General Statutes 132-149, there is a savings clause under which inaccuracies in the content of the notice maybe excused if there is no intention to mislead. Giannitti v. Stamford,25 Conn. App. 67, 75-76, cert. denied, 220 Conn. 918 (1991).
Whether notice is sufficient is normally a question of fact. However, before this question can be submitted to the trier of fact, the court must first determine as a matter of law, whether the purported notice "patently meets or fails to meet" the statutory requirements. Ozmun v. Burns, 18 Conn. App. 677
(1989). The failure to give any description beyond the mere assertion that the injury or damage occurred is insufficient to meet the statutory requirements. Mascagna v. Derby, 123 Conn. 684 (1937).
The following description of injuries were held to be insufficient as a matter of law: plaintiff "got hurt," Main v. North Stonington, 127 Conn. 711-12 (1940); plaintiff "was taken to the . . . Hospital . . . do not know the full extent of my injuries," Mascagna v. Derby, supra, 685; plaintiff "fell and was injured," Marino v. Town of East Haven,120 Conn. 577-78 (1935); plaintiff suffered an "injury to her knee," Dunn v. Ives, 23 Conn. Sup. 113-14 (1961).
In the present case there is no description of the injury whatsoever. The notice totally fails to describe the injuries.
Accordingly, the defendant State of Connecticut's Motion to Dismiss count seven of the complaint is hereby granted. In view of this decision, counts eight and nine of the complaint must also be dismissed because they involve claims of the plaintiff's husband for medical bills and loss of consortium which are derivative and dependent on count seven.
Hurley, J. CT Page 10229