[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD COUNT
This is a personal injury action arising out of a single motor vehicle accident occurring on Interstate 91 in Windsor Locks on September 16, 1991.
Defendant, Commissioner of Transportation moves to strike the Third Count directed to him on the ground that the notice required under General Statutes 13a-144
failed to include any description of the injuries allegedly sustained by plaintiff.
The Third Count in the complaint which was served on September 16, 1993 describes an accident in which a truck operated by the plaintiff "burst through the barriers" in the highway and caused "the plaintiff's injuries and losses," which are more fully described in certain paragraphs of the First count, incorporated by reference into the Third Count.
Plaintiff sent the Commissioner written notice of the accident, dated November 4, 1991, which states the accident occurred on September 16, 1991 at 2:30 a.m. in the southbound lane of Interstate 91 at exit 42 in Windsor Locks, Connecticut. The three-page notice includes a detailed description of alleged "construction deficiencies" at the accident site. In addition, the notice states:
 I write to formally place on notice the State of Connecticut, pursuant to General CT Page 4126 Statutes, 13a-144, that I intend to bring an action on behalf of Matlack and Philip Malavenda against the State of Connecticut for any and all claims which might arise from this collision.
 Our investigation indicates that lighting and construction deficiencies and failure to warn as well as design defects at the above site were all directly responsible for any and all of the losses and damages resulting from the collision.
General Statutes 13a-144 entitled "Damages for injuries sustained on state highways or sidewalks" provides in pertinent part:
 No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
Our Appellate Court has ruled that the failure to give any description of the damage sustained beyond the mere assertion that the injury or damage occurred, makes the notice insufficient to meet the statutory requirements of 13a-144. Shine v. Powers, 37 Conn. Sup. 710,712 (1981). In Main v. North Stonington, 127 Conn. 711,712 (1940), our Supreme Court held that a notice stating that the plaintiff "got hurt" did not comply with the statutory notice requirement. In Dunn v. Ives, 23 Conn. Sup. 113 (1961), a notice stating that the plaintiff suffered "an injury to her knee necessitating medical treatment and confining her to her bed" was held to "utterly fail" to meet the notice requirements of General Statutes 13a-144. Viewing the notice in this case in a light most favorable to the plaintiff, it fails to sufficiently notify the Commissioner of the plaintiff's injuries and fails to generally describe the same as required by General Statutes 13a-144.
While plaintiff's original complaint, filed on September 23, 1993, and the plaintiff's revised CT Page 4127 complaint, filed on November 15, 1993, each describe the plaintiff's alleged injuries in some detail, these complaints were each filed well beyond ninety days from the date of the accident and, cannot serve to satisfy the notice requirements of the statute.
The notice required by the statute is a condition precedent to maintaining a cause of action under the statute and if this requirement is not met, no cause of action exists. Bresnan v. Frankel, 224 Conn. 23, 26
(1992); Consiglio v. Motto, Superior Court for Hartford-New Britain No. 0375232 (August 27, 1991, Wagner J.).
Motion to Strike Third Count granted.
Wagner, J.