[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MUNICIPALITIESMOTION FOR SUMMARY JUDGMENT
In this case the defendant town has moved for summary judgment on a question that both parties concede involves a question of law.
This case involves the question of the sufficiency of notice under Sec. 13a-149 of the General Statutes. The early case of Sizer v. Waterbury, 113 Conn. 145, 156 (1931) sets forth the five essential elements which the statute prescribes as to notice (a) written notice of the injury (b) a general description of that injury (c) the cause (d) the time and (e) the place of the injury. In Marino v. East Haven, 120 Conn. 577
(1935) the notice made only the following reference to the plaintiff's injury he "fell and was injured," id. p. 578. The court upheld the court's sustaining of the defendant's demurrer on the ground that this was not a "general description" of the injury required by the statute. The court referred to the statutory provision that "no notice shall be held invalid or insufficient because of an `inaccuracy in CT Page 5843 describing the injury . . . if it shall appear that there was no intention to mislead or that (the municipality) was not in fact misled thereby,'" id. p. 580. But the court went on to hold that the notice actually given in the case before it constituted a failure to give "any description whatever of the injury claimed to have been sustained," id. p. 580 and this could not be characterized as an inaccuracy. No issue of fact was involved but as a matter of law there was an absence of notice, id. p. 581.
Although it is true that the savings clause in § 13a-149
was to have an ameliorative effect, Sanger v. Bridgeport,124 Conn. 183, 185 (1983) and it should be liberally construedPratt v. Old Saybrook, 225 Conn. 177, 182 (1993), cf Fraser v.Henneger, 173 Conn. 52, 59 (1977), Marino has never been overruled. Frankly why Sizer v. Waterbury, supra required a "general description" of the injury escapes me. If as Pratt
says "the purpose of notice is to allow the municipality to make proper investigation into the circumstances surrounding the claim in order to protect its financial interest, why should a party be thrown out of court if it tells when, where and how it was injured but just not the extent of the injury? How will this prevent a town from protecting itself? It would seem fairer to require a municipality to indicate at least in the case of injury how the failure to give a "general description" of the injury prejudiced it — besides nothing in the statutory language requires this draconian notice requirement. In any event, Sizer and Marino foreclose such speculation. Sizer and Marino are ancient law dating from the days when sovereign immunity was strictly enforced and gave rise to restrictive interpretations of statutory language that waived it.
A trial court following Marino granted a motion for summary judgment for a town where the plaintiff's notice was a police report in which the plaintiff claimed to have received personal injuries and his girlfriend took him to the hospital, Wheeler v. Granby, 8 Conn. L. Rptr. 642, 8 CSCR 52,53 (1992) also see Main v. North Stonington, 127 Conn. 711,712 (1940), Mascagna v. Derby, 123 Conn. 684, 685
(1937), Dunn v. Ives, 23 Conn. Sup. 113 (1961), Blake v.Santoro, 2 Conn. Law Rptr. 29, all cited in Wheeler.
Here the notice merely said: "as a direct result of the fall Marilyn Mazur sustained serious personal injuries CT Page 5844 necessitating medical treatment and causing her to incur associated expenses." In light of the case law I have no other choice but to grant the defendant's motion for summary judgment.
Corradino, J.