[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
CT Page 6946
On or about January 20, 1999, the plaintiff Deborah R. Howser commenced the aboveentitled action against defendant Town of New Milford by service of the writ, summons and complaint returnable on February 23, 1999.
Plaintiff had previously filed a written notice of a claim with the office of the New Milford Town Clerk on or about April 9, 1997. The text of the notice letter states in its entirety:
 "In compliance with Section 13a-149 of the Connecticut General Statutes, the following notice is provided to you:
 On January 25, 1997, Deborah R. Howser of 19 Mud Pond Road, South Kent, Connecticut, sustained injuries and property damage in an accident that occurred on Merryall Road near the intersection of West Meeting House Road in New Milford.
 At approximately 7:04 p. m. on said date, Deborah R. Howser was operating her 1989 Eagle automobile in a southbound direction on Merryall Road when she skidded on the icy road surface which had not been sanded. Her vehicle started to slide sideways and crossed into the other side of the road striking a bridge with metal rails. Her vehicle was lodged into the metal rails of the bridge, totaling the car and causing her injuries.
 This accident occurred due to the fact that the road was not properly sanded for icy conditions in violation of Connecticut General Statutes § 13a-149.
 This letter will notify the Town of New Milford that Deborah R. Howser intends to seek recovery from the Town for her property damage, pain, suffering, and economic damages resulting from the accident."
Practice Book § 17-49 provides that summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing the CT Page 6947 absence of any genuine issue as to all material facts. The burden is met if the movant would be entitled to a directed verdict on the same facts. Haesche v. Kisner, 229 Conn. 231 640 A.2d 89
(1994).
As a condition precedent to bringing an action against a municipality for personal injuries that the written notice contain a "general description" of any such injuries or damage.Pratt v. Old Saybrook, 225 Conn. 177, 180, 621 A.2d 1322 (1993);Marino v. East Haven, 120 Conn. 577, 578 182 A. 225 (1935). A plaintiff who fails to provide any such description is barred from making a claim against a municipality under § 13a-149.Martin v. Town of Plainville, 240 Conn. 105, 110, 689 A.2d 1125
(1997).
In Martin v. Town of Plainville, supra, 240 Conn. 110, the Supreme Court ruled that plaintiffs written notice under §13a-149 was insufficient as a matter of law where the notice merely stated that she "sustained injuries in a fall" and that she "was injured after she tripped over a defect in the sidewalk." Id., 107. The Court held that a general description of the bodily injuries was an essential element of a notice of claim under § 13a-149, and that plaintiffs notice was therefore insufficient as a matter of law. Id., 110, citing Marino v. EastHaven, supra, 120 Conn. 578.
This Court has adhered to the rule, granting summary judgment were plaintiffs statutory notice failed to describe her injuries. In Zenobia v. Town of Brookfield, 1996 Conn. Super. LEXIS 2641 (J.D. of Litchfield. No. CV 95 0069793, 10/9/96, Pickett, J.), this Court held plaintiff's notice inadequate under § 13a-149
where plaintiff merely claimed that he suffered "injuries sustained . . . when he fell into an unmarked hole in the road." In so holding, this Court noted that "`while the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion thatthe injury or damage occurred is insufficient to meet thestatutory requirements . . ."' (Emphasis added.) Id., quotingShine v. Powers 37 Conn. Sup. 710 712, 435 A.2d 375 (1981). See also, Blake v. Santoro 2 Conn. L. Rptr. 335, 1990 conn. Super. LEXIS 1195 (ID. of Litchfield, No. 052742, 9/21/90, Pickett, J.) (notice insufficient as a matter of law where plaintiff merely asserted that she "suffered substantial injuries, the extent of which, at this date, cannot be determined, ";Broadbent v. Stateof Connecticut, 1995 Conn. Super. LEXIS 2298 (J.D. of Litch1ield, CT Page 6948 No. CV 94-0066489, 8/3/95, Pickett, J.)
In addition, the following descriptions of bodily injuries have been held to be insufficient as a matter of law: plaintiff"got hurt," Maine v. North Stonington 127 Conn. 711,712, 16 A.2d 356 (1940); plaintiff "was taken in the ambulance to the.., hospital.., and.., do not know the full extent of my injuries," Mascagna v. Derby, 123 Conn. 684, 685, 194 A. 728
(1937); plaintiff "fell and was injured," Marino v. Town of EastHaven. supra, 578; and plaintiff suffered "an injury to her knee," Dunn v. Ives 23 Conn. Sup. 113, 177 A.2d 467 (1961).
In the present case, the plaintiffs April 9, 1997 notice contains no description of the bodily injuries that she allegedly suffered as a result of the accident. The letter states merely that she "sustained injuries", and that the injuries were "caused" by the accident. Compare Martin v. Town of Plainville, supra, 240 Conn. 110 ("sustained injuries in a fall"); Zenobia v.Town of Brookfield, supra ("injuries sustained . . . when he fell"). As in Martin and Zenobia the plaintiff at bar merely alleges that she has "sustained injuries" without providing any detail. Her failure to give any description beyond the mere assertion of injury or damage is, as a matter of law, insufficient to meet the statutory requirements of § 13a-149. See Zenobia v. Town of Brookfield, supra.
"The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information . . . as will enable them to enquire into the facts of the case intelligently." (Internal quotations omitted.) NorwalkCo-Op. Inc. v. Town of Greenwich, 1992 Conn. Super. LEXIS 2055 (J.D. of Fairfield at Bridgeport, No. CV 90-0267800S, 7/15/92, Lewis, J.) (granting summary judgment to defendant Town and holding, inter alia, that plaintiffs notice of claim for damage to an "18' International Truck" was insufficient as a matter of law because there was no description of the nature of the damage or its location on the vehicle), quoting Bassin v. Stamford,26 Conn. App. 534, 539, 602 A.2d 1044 (1992).
"As a matter of fundamental fairness, a municipality should be sufficiently apprised of a general description of a plaintiffs alleged injuries so that it can assess its exposure and allocate resources . ., to facilitate an appropriate investigation and the hastening of a possible settlement . . ." Martin v. Town ofCT Page 6949Plainville, supra, 240 Conn. at 111-12.
Plaintiffs April 9, 1997 notice letter merely asserts that the vehicle was "totaled," without providing any further detail as to the actual physical damage to the vehicle. General information regarding the kind and location of the damage on the vehicle was essential to the Town's preliminary evaluation of causation and the nature and severity of plaintiffs injuries, and the notice is insufficient as a matter of law where it fails to provide such information regarding damage to the vehicle. See,Norwalk Co-op. Inc. v. Town of Greenwich, supra. Further, the notice letter merely states that plaintiff was driving a "1989 Eagle," but fails to designate the model of the car, information necessary to the Town's apprisal of the value of plaintiffs property damage claim.
All of this information would have facilitated the Town's investigation and would have allowed the Town to evaluate the claim for settlement, and potentially avoid litigation. The plaintiffs notice did not provide the Town with the basis information it needed "to enquire into the facts of the case intelligently." Bassin v. Stamford, supra, 26 Conn. App. 539.
Accordingly, plaintiffs claims are barred under § 13a-149
and the motion for summary judgment is granted.
Walter M. Pickett Jr., Judge Trial Referee