[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (MOTION NO. 155)
The governing complaint is the plaintiff's Revised Complaint dated August 22, 1994. At the time of argument, only the First Count of that Complaint remained. It alleged a cause of action in negligence arising out of an automobile accident which occurred when a light post "situated on the right hand side of I-95 westbound, fell and struck the Plaintiff's vehicle . . ." (Paragraph 5.) The plaintiff alleges, in Paragraph 6, five (5) ways in which the named defendant failed to exercise reasonable care. The defendant named on the summons is the "State of Connecticut, Department of Transportation c/o Attorney General." Service was made on the Department of Transportation. It is undisputed that, within thirty (30) days of the accident (on June 2, 1993), plaintiff's counsel sent a letter to the "Commissioner, Department of Transportation" indicating the date, time, and location of the accident, a description of the way in which the accident occurred, and indicating the claimant sustained both property damage and "personal injuries including but not limited to his neck and head." See, Exhibit A, Defendant's memorandum of May 31, 2002.
Almost eight (8) years after the return date, the named defendant filed a motion to dismiss claiming the court lacked subject matter jurisdiction because: (1) the Department of Transportation is not the proper party; and (2) the notice of injury was totally defective because it was not sufficiently particular with regard to the injuries sustained. The plaintiff has responded that: (1) the listing of the "Department" of Transportation (as opposed to the "Commissioner" of Transportation) is a misnomer which, pursuant to Connecticut General Statute § 52-123, is a circumstantial defect which can be cured by amendment; and (2) the notice of injury is sufficiently descriptive to satisfy the requirements of Connecticut General Statute § 13a-144, the defective highway statute. Multiple memoranda were submitted by both parties and the court heard oral argument.
 APPLICABLE LAW
CT Page 1611
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.) Kizis v. Morse Diesel International,Inc. et al., 260 Conn. 46, 51-52 (2002). Although the plaintiff commenced this action more than eight years ago, "[i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time . . . Practice Book [§ 10-33] provides: Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Internal quotation marks omitted.) Id. at 52. "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11 (1999). Generally, "[t]he motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Ferreira v. Pringle, 255 Conn. 330, 346 (2001).
Let it first be stated the parties do not dispute the plaintiff's claim arises under Connecticut General Statute § 13a-144, the defective highway statute. That is so despite there being no reference to that statute either in the governing complaint or in the notice of injury. The defendant's first argument is that the naming of the "State of Connecticut, Department of Transportation" as the defendant on the summons[1] is a fatal defect which deprives the court of subject matter jurisdiction. It is clearly so that § 13a-144 provides any person who claims to have sustained damage or injury as a result of a defective highway may bring a civil action "against the commissioner." Id.
Section 13a-144 constitutes only a limited waiver of the state's sovereign immunity. "Furthermore, because the statute constitutes a break with common law, it must be strictly construed." (Citation omitted.) Lussierv. Dept. of Transportation, 228 Conn. 343, 349 (1994). Our Supreme Court, interpreting a different statute which also provided a limited waiver of the state's sovereign immunity, has stated that, when the state waives sovereign immunity by a statute, "a party who wishes to sue under CT Page 1612 the legislative waiver must come clearly within its provisions because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed." (Internal quotation marks omitted.) Duguay v.Hopkins, 191 Conn. 222, 232 (1983). Because § 19-24 named the commissioner of mental retardation as the only person against whom suit could be brought in his official capacity for conduct within that statute's purview, the Supreme Court held it was error for the trial court to dismiss the plaintiff's complaint as against that named party but not error as to the defendant State of Connecticut and the Southbury Training School. Id. Is, however, this plaintiff's listing of the "Department of Transportation" in the summons the kind of defect which can be cured by amendment? This court concludes it is under all of the circumstances of this case.
Connecticut General Statute § 52-123 provides:
 No writ, pleading, judgment or any kind of proceeding in court . . . shall be abated . . . for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
This legislation "replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer or misdescription in an original writ, summons or complaint." AndoverLimited Partnership I v. Board of Tax Review, 232 Conn. 392, 396-97
(1995). In Lussier, supra, the Supreme Court distinguished two categories of defects — "misnomers," circumstantial defects anticipated by § 52-123 and curable by amendment, and defects which arise when the plaintiff has misconstrued the identity of the defendant rather than the legal nature of his existence. A misnomer does not prevent the exercise of subject matter jurisdiction "if the defendant was actually served and knew he or she was the intended party." 228 Conn. at 350. The Court continued:
This is in contradistinction to the case in which plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party. The issue, then, is whether a misnomer is a designation of the right party in a way which may be inaccurate but which is still sufficient for identification purposes or whether the wrong person has been designated as a party . . . Whether the plaintiff has misconstrued the identity of his or her intended defendant or merely the intended defendant's legal name or nature is a question that may be answered only after all the circumstances have been examined. CT Page 1613
(Citation omitted; internal quotation marks omitted.) Id., at 350-51.
The Court, in Andover, supra, further enunciated the proper analysis when § 52-123 is, as here, invoked:
 [W]e [consider] three factors to determine whether the error [is] a misnomer and therefore a circumstantial defect under § 52-123; (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice.
(Citation omitted.) 232 Conn., at 397.
In Pack v. Burns, 212 Conn. 381 (1989), the plaintiff initially named as the defendant the "State of Connecticut Transportation Commission" but then served notice of the claim as required by the defective highway statute. The Court concluded the plaintiff was entitled to amend under § 52-123 because the plaintiff had intended to sue the commissioner and because the commissioner was not prejudiced by the error and knew he was the intended defendant. Id., at 385-86. In Lussier, supra, the plaintiff, as here, named the "State of Connecticut, Department of Transportation" on the summons. However, the commissioner was named in the complaint and was provided with proper notice. The Court rejected the defendant's argument the court lacked subject matter jurisdiction because the wrong entity was sued. It concluded the trial court should not have dismissed the complaint on the basis of sovereign immunity because the designation of the "department" on the summons was a misnomer which fell squarely within the purview of § 52-123.
This court reaches the same conclusion. There is no claim that the Commissioner did not receive actual notice of the plaintiff's claim, that he did not know he was the proper defendant in the action, or that he had been misled to his prejudice. The notice of injury having been sent to the Commissioner is evidence of the plaintiff's intent to sue the Commissioner. The law does not require technical perfection when the defect in the summons is a misnomer which does not deprive the proper defendant both of notice of the claim and the intent to sue.
This court similarly rejects the defendant's second claim that the court lacks subject matter jurisdiction because the description of the injury provided on the notice to the commissioner was not as required by § 13a-144. That statute requires "a general description" of the injuries on the notice. The notice at issue advised the commissioner the plaintiff sustained "personal injuries including but not limited to his CT Page 1614 neck and head." Exhibit A, Defendant's memorandum of May 31, 2002. Where the notice has stated only that an injury occurred without providing any additional information concerning the nature of the injury, our Supreme Court has held the plaintiff's notice insufficient as a matter of law.See e.g., Martin v. Plainville, 240 Conn. 105 (1997) ("injuries sustained in a fall"); Main v. North Stonington, 127 Conn. 711 (1940) (decedent "got hurt"); Mascagna v. Derby, 123 Conn. 684 (1937) ("taken in the ambulance" and did "not know the full extent of [his] injuries"). The purpose served by the notice requirement is not, as the defendant has suggested, to inform the commissioner of the magnitude of the follow-up investigation; in fact, since the statute requires notice be provided within ninety days of the occurrence, the full extent of the injuries may well not yet be known and thus greater particularity may not be possible. The purpose of the statutory notice requirement is to "furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests . . ." (Citations omitted.) Moricov. Cox, 134 Conn. 218, 223 (1947). The statute, in requiring only a "general description," does not mandate identification of the degree or type of injury sustained. The notice in the instant case advises the defendant of the plaintiff's injuries to his neck and head and thus does not patently fail the general description requirement. The requirement ought not be so interpreted as to create impediments to pursuit of a claim when the purpose of that notice has been served.
The motion to dismiss is denied.
B.J. SHEEDY, JUDGE