## LUIGI CORONA, ADMR.
### vs.
## CITY OF NEW HAVEN

Superior Court     New Haven County     File #46398

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

W. H. Burland             Attorney for the Plaintiff.

Corporation Counsel,       Attorney for the Defendant.

### MEMORANDUM FILED MARCH 2, 1936.

O'SULLIVAN, J.  The trial of this action resulted in a plaintiff's verdict for $1250.00, which the City moves to set aside, assigning as its reasons therefor the following:

1. The verdict was excessive.

There is nothing at all to this claim because the jury accepted the claim that the decedent's death was due to a fall she sustained on the day in question. The verdict was not only not excessive but, if anything, was inadequate.

2. The verdict cannot stand because there is no right of survival for death resulting from an injury caused by a defective sidewalk.

There may be something to this claim as a principle of law, but it must be taken advantage of by a plea in abatement. Having failed to do this, the defendant has waived its right to make this claim by going to trial on the merits of the case.

3. The plaintiff failed to establish that the decedent was in the exercise of due care.

To be sure, there was little evidence on this point, but from that which was available the jury could reasonably have found that the decedent was walking, that her course was over a sidewalk which was somewhat dark, that she was with her husband at the time on their way home at about six-thirty o'clock in the evening of October 20th. Scant as is the evidence on this point, there is sufficient to warrant the inference that her conduct was that of a reasonably prudent person under similar conditions.

4. There was no evidence from which the jury could find that the fall was caused by the defective condition of the sidewalk.

An examination of the transcript reveals no direct evidence as to the causal connection between the defect and the fall. Nor may any reasonable inference be drawn which might establish such connection.

The burden rested on the plaintiff to prove, among other things, that the fall was due to the defective sidewalk. To establish that the decedent fell where a defect was located leaves to speculation and guess, what caused the fall. An inference sufficient to establish that the defect was a substantial factor in the fall may not be drawn from the evidence in this case, which in its most favorable light merely proved that the decedent fell where the sidewalk was defective. She might just as well have slipped on a banana peel at that point or turned on her ankle.

The plaintiff cannot point to any evidence which warranted the jury in finding the essential causal relationship, either directly or inferentially. Facts must be established by something more than guess work.

5. The written notice served upon the City failed to comply with the Statute.

Mrs Corona fell on a sidewalk under the city's control on October 20th, 1934. A few days later, through her attorney, she gave a written notice to the city of which the following is the only part concerning her injuries:

"This is to advise you that I represent Julia Carona, and on her behalf do hereby give you notice that she fell and was injured on Saturday, October 20th, 1934, at or about six-thirty P. M., solely by reason of a defective sidewalk; . . . . and further to notify you it is her intention to hold the City of New Haven legally responsible for the damages and injuries she sustained as the result of said fall."

The foregoing notice was served upon the city on November 5th, 1934. On the same day Mrs. Corona died and on November 27th, the city was again served with a notice reading as follows:

"I wrote you on November 5, 1934, on behalf of Julia Carona, alias Angelina Corona, notifying you to the effect that Mrs. Carona fell and was injured solely by reason of a defective sidewalk on October 20th, 1934, at or about six-thirty P. M., that it was her intention to hold the City of New Haven legally responsible for the injuries and damage sustained.

"I write now to notify you on behalf of Luigi Carona, administrator of the Estate of Angelina Corona, that solely by reason of the defective sidewalk on the east side of Winchester Avenue . . . . Angelina Corona fell and was seriously injured, her injuries resulting in her death on November 5, 1934, for which death the Estate of Angelina Corona intends to hold the City of New Haven legally responsible."

It is quite apparent that the first notice given on November 5th was not a legal notice. **Marino vs. East Haven, 120 Conn. 577.**

The second notice stated that Mrs. Corona was "seriously injured", but the word "seriously" is not sufficient to bring the notice within the essential of the statute. The general

description of an injury is not satisfied by characterizing its severity with an adjective. The requisite thing is to state, not how severely one was injured, but what part of his body was injured.

Nor does the balance of the notice furnish any comfort to the plaintiff wherein it is stated that "her injuries" resulted "in her death". Death is not an injury. It is a status. Webster defines it as "the cessation of all vital functions without capability of resuscitation; state of being without life". As far back as Baker vs. Bolton, 1 Campbell, 493, Lord Ellenborough stated that "the death of a human being cannot be considered as an injury". "Injury to the person" and "death to the person" are not synonymous terms. The one presupposes a continuation of life, although in an impaired state; the other, the destruction or ending of life. No. Pac. R. R. Co. vs. Adams, 116 Fed. 324, 327. "Death is never described as an injury to the person." Prouty vs. City of Chicago, 250 Ill. 222, 230, 95 N. E. 147; Bilbo vs. Lewis (Tex.) 45 S. W. (2nd) 653, 656.

For the purpose of this case, therefore, it is decided that death is not an injury. But even assuming that it is an injury, the notice is still invalid. As stated in Marino vs. East Haven at page 580, the statute requires "a general description of 'the direct or immediate' injury as distinguished from the resulting consequential damages". See also Cassidy vs. Southbury, 86 Conn. 45-50.

What the statute requires is a reference, let us say, to a bruise, a broken limb, or a cut which directly results from an alleged fall, rather than a statement that pneumonia or dermitis has resulted.

For these reasons, the notice to the city failed to meet the statutory requirements as to the giving of a general description of the injury.

For the reasons set out in this memorandum the verdict is set aside.