## JOHN GOERDEL
### *vs.*
## CITY OF MERIDEN

Superior Court      New Haven County      File No. 57194

MEMORANDUM FILED NOVEMBER 14, 1939.

*Frank P. Kumpitch*, of Hartford, for the Plaintiff.

*Watrous, Hewitt, Gumbart & Corbin*, of New Haven, for the Defendant.

FOSTER, J. The plaintiff has instituted this action against the defendant city for injuries due to a defective sidewalk. As a condition precedent to the institution of the action it was his statutory duty to serve notice upon the defendant in accordance with section 1420 of the General Statutes, Revision of 1930, which is, in part, as follows: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence shall ....be given to a selectman of such town, or to the clerk of such city or borough....No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

The notice as set forth in the complaint is in the following words:

"February 3, 1939.

Miss Ruth Payne,
City Clerk,
City Hall,
Meriden, Connecticut.
Dear Miss Payne:

This is to notify you of an accident which occurred this week. Mr. John Goerdel who resides at 29 South Avenue, while walking along South Avenue, slipped and fell on a defective sidewalk at the corner of South Avenue and South First Street. The accident happened at approximately 11:00 a.m., Tuesday, January 31, 1939.

The man sustained an injury to his ankle which will disable him for some time. The attending physician is Dr. S. L. Lirot of Crown Street. Any further information will be gladly furnished.

Yours very truly,"

The character of the notice required has been determined by our Supreme Court of Errors on numerous occasions. One of the latest decisions is in part as follows: "The notice which the

statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time; and (e) the place thereof. The cause of the injury required to be stated 'must be interpreted to mean the defect or defective condition of the highway which brought about the injury.'....'The giving of a notice sufficient to satisfy the requirements of the statute is a condition precedent to the maintenance of an action under it.'....The purpose of the requirement of notice to a municipality is 'to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' ....The notice before us states that the plaintiff's injury was caused by a fall on a defective sidewalk; that the defect was made more dangerous by the 'accumulation of ice and snow thereon'; and the place was located with great precision. It does not appear that the authorities of the city were misled or prejudiced by the notice as to the cause of the plaintiff's injury. Upon its receipt the municipality was informed precisely where the defect in the sidewalk was to be found and had all the information necessary to make whatever investigation might be considered necessary for the protection of the city's interests. Such a notice must be regarded as sufficient under the circumstances appearing upon these pleadings." *Christian vs. Waterbury*, 123 Conn. 152, 155.

The notice given by the defendant in this case was a sufficient notice.

The demurrer to the complaint is overruled.