THERESA SHINE *v.* ARTHUR POWERS, COMMISSIONER OF TRANSPORTATION

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1064

Argued March 17–decided June 26, 1981

*Steven M. Reilly,* for the appellant (plaintiff).

*Dennis M. Laccavole,* for the appellee (defendant).

BIELUCH, J. This action was brought against the defendant, the commissioner of transportation for the state of Connecticut, to recover damages for property damage to the plaintiff's motor vehicle. The complaint alleges that the plaintiff's motor vehicle went out of control after striking a large pothole on a state highway, causing the motor vehicle to be damaged. General Statutes § 13a-144 governs actions brought

against the commissioner of transportation for injury to persons or property caused by a defective highway. This section provides that "[n]o such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."

On April 18, 1979, the agent for the plaintiff's insurance carrier sent the defendant notice of the accident which contained the following statement: "We are the insurance carriers for Theresa Lynn Shine whose vehicle was damaged on 4-8-79 due to a six inch pothole in the road. Pothole is located north on Route 25, just below Trumbull Town Hall in Trumbull, Connecticut." The defendant moved to strike the plaintiff's complaint on the ground that it failed to comply with the statutory requirements. The court granted this motion and, on the plaintiff's failure to replead, rendered judgment for the defendant. The plaintiff has appealed.

The sole issue presented by this appeal is whether the description of the damage given in the notice is sufficient to meet the statutory requirements. "The giving of a notice sufficient to satisfy the requirements of the statute is a condition precedent to the maintenance of an action under it." *Marino* v. *East Haven,* 120 Conn. 577, 578–79, 182 A. 225 (1935). A cause of action which is purely statutory, such as that created by § 13a-144, must be strictly construed. *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454 (1958); *Bergner* v. *State,* 144 Conn. 282, 287, 130 A.2d 293 (1957); *Dunn* v. *Ives,* 23 Conn. Sup. 113, 177 A.2d 467 (1961). Therefore, the description in the notice must meet the statutory requirements in order to withstand a motion to strike. The sufficiency of the notice is tested with reference to the purpose for which it is required. "The

purpose of the requirement of notice is 'to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 84 A. 291 [1912]." (Additional citations omitted.) *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522 (1947). It has been repeatedly held that, while the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion that the injury or damage occurred, is insufficient to meet the statutory requirements. *Mascagna* v. *Derby,* 123 Conn. 684, 685, 194 A. 728 (1937); *Marino* v. *East Haven,* 120 Conn. 577, 580, 182 A. 225 (1935); *Dunn* v. *Ives,* supra, 114. In the present case the notice stated only that the plaintiff's motor vehicle had been damaged. This did not provide a general description of the damage sustained. The statutory requirements for notice therefore were not met.

There is no error.

In this opinion SHEA and DALY, Js., concurred.