[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for personal injuries against the town CT Page 6124 of Manchester claiming damages arising from a fall on a defective public sidewalk on July 8, 1988. The sole issue addressed in this motion is the adequacy of the written notice given to the Town on September 27, 1988, pursuant to statutory requirements.
The notice is alleged to be defective in three particulars:
(1) that such notice was provided "pursuant to Section13a-144 of the Connecticut General Statutes"; (2) that "Ms. Ierna intends to pursue a claim against the State of Connecticut for its carelessness and negligence in causing our client's injuries and losses"; and (3) a reference to the Clerk of Manchester, Edward Tomkiel, as "Commissioner of the Department of Transportation, State of Connecticut."
DISCUSSION
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' Connell v. Colwell, 214 Conn. 242, 246 (1990) (quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 4 (1987)).
The test for deciding whether to grant a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority, 213 Conn. 354, 364 (1990).
The complaint makes it clear that this action is brought under C.G.S. Sec. 13a-149 which creates a cause of action against any town, city, corporation or borough for injuries by means of defective roads and bridges. It is also clear that "[t]he giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state of any subdivision thereof." Ozmun v. Burns, 18 Conn. App. 677, 68 680 (1989) (quoting Zotta v. Burns,8 Conn. App. 169, 173 (1986)).
Under Ozmun, a case under C.G.S. Sec. 13a-144, an analogous statute, the court's responsibility to determine the adequacy of statutory notice is set forth as follows:
 `Ordinarily, the question of the adequacy of notice "is one for the jury and not for the court, and the cases make clear that this question must be determined on CT Page 6125 the basis of the facts of the particular case." Morico v. Cox, 134 Conn. 218, 223 . . . 19[47]. Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice "patently meets or fails to meet" the statutory requirements.' id., p. 681.
Defendant argues that plaintiff's deficient notice failed to put the defendant town on notice that it should investigate plaintiff's complaint and was defective under the statute.
Plaintiff does not deny the three errors in the notice but argues that, despite these errors, the notice was timely and met all the elements of Sec. 13a-149 with respect to (1) notice of injury; (2) general description of injury; (3) cause of the injury; and (4) time and place of the occurrence.
Cases interpreting the notice provision of C.G.S. Sec.13a-144 hold that sufficiency of notice is tested by examining the purpose of the statutory notice. Merola v. Burns,21 Conn. App. 633, 638 (1990); Shine v. Powers, 37 Conn. Sup. 710,711 (App. Sess. 1981).
 `The purpose of the requirement of notice is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." Cassidy v. Southbury, 86 Conn. 45, 49 . . . [1912]).'
Shine, ibid. at 712.
Even though the notice contained some substantial errors, particularly the statement that Mrs. Ierna "intends to pursue a claim against the State of Connecticut," it was addressed to the town and described the accident as taking place on a sidewalk in town, and in fact the town appears to have had actual notice. "If under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded as a good notice:" Merola21 Conn. App. at 638. We cannot find as a matter of law that plaintiff's notice CT Page 6126 did not provide the defendant with "such warning as would prompt" the town to investigate plaintiff's accident. Shine,37 Conn. Sup. at 712, (quoting Morico, 134 Conn. at 223). Nor can we conclude that a trier of fact could not find there was some indication in the notice that a "possible lawsuit was on the horizon" against the town. See Warkentin v. Burns,2 CSCR 1115 (Sept. 28, 1987).
Since we are unable to conclude that the notice of September 27, 1988 "patently" fails to meet the statutory requirement and believe that it poses a question which should be determined by a trier of fact, the Motion for Summary Judgment is denied.
Wagner J.