[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT COMMISSIONER OF TRANSPORTATION'S MOTION TO STRIKE
This action was brought by Michael Tomes, administratrix of the estate of Melanie Tomes. The plaintiff's claim arises out of a motor vehicle accident which occurred on August 22, 1988, at the intersection of James Road Extension, a town road, and State Route 165, in Voluntown, Connecticut. The plaintiff alleges that the decedent was killed at the intersection of such roadways when the vehicle she was operating on James Road Extension collided with a vehicle being operated by defendant Arden Curtis on Route 165.
The sole claim made against the Commissioner of Transportation ("defendant") is set forth in the second count of the plaintiff's amended complaint and is made pursuant to General Statutes Section 13a-144. The plaintiff alleges that the defendant is liable for the decedent's death because: (1) the defendant placed a stop sign at the intersection in an improper position; (2) the defendant improperly designed and maintained that portion of James Road Extension that is state highway property under General Statutes Section 13a-99(a); (3) the defendant maintained the roadway in a defective condition because of the improper design and placement of the stop sign; and (4) the plan of construction of the road at the intersection was totally inadmissible.
The defendant has moved to strike the second count of the amended complaint on the grounds that: (1) the plaintiff failed to give written notice of the "dangerous and defective conditions" alleged in the second count as required by Section 13a-144; (2) the second count previously has been stricken on the basis that under Section 13a-99a(c), the state had no duty to maintain the intersection; and (3) the second count fails to make the necessary allegation that the roadway was totally inadmissible and out of repair from the beginning.
I.
The function of a motion to strike "is to test the CT Page 10221 legal sufficiency of a pleading." Ferryman v. Groton,212 Conn. 138, 142 (1989). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the (pleading). . .and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must construe the facts alleged in the pleading in the manner most favorable to the nonmoving party. Rowe v. Godou,209 Conn. 273, 278 (1988). If the facts provable under allegations of the pleading attacked would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109 (1985).
The State of Connecticut is immune from suit unless it consents to be sued. White v. Burns, 213 Conn. 307, 312
(1990). General Statutes Section 13a-144 imposes liability upon the state for injuries or damages caused by defective highways, bridges or sidewalks. Since the cause of action is statutory, it is strictly construed and must satisfy the requirements of the statute. Shine v. Powers, 37 Conn. Sup. 710,711 (1981).
II.
The giving of notice pursuant to Section 13a-144 is a condition precedent to maintaining a suit for defective highway. Kuchinski v. Burns, 23 Conn. App. 198, 200 (1990). The requisite notice serves a dual purpose: "(1) to prompt the commissioner to make the inquiry deemed necessary for the protection of his interests, and (2) to afford the information reasonably necessary to enable him to make inquiry to that end." LoRusso v. Hill, 139 Conn. 554, 560 (1953). Section 13a-144 requires five elements for giving proper notice written notice of the injury; (2) a general description of the injury; (3) the cause thereof; (4) the time, (5) and the place of its occurrence.
"Ordinarily, the question of adequacy of notice `is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.'" Zotta v. Burns, 8 Conn. App. 169,173 (1986). However, before submitting this question to the jury, "the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the statutory requirements." Id. The inquiry as to the sufficiency of notice given is: "Does the notice reasonably protect the interests of the defendant under the particular circumstances of the case?" Schaap v. Meriden,139 Conn. 254, 256 (1952). The description in the notice need not be as detailed as that in the complaint; however, the mere CT Page 10222 assertion that the injury or damages occurred is insufficient. Shine v. Powers, supra, 712.
The defendant argues that the plaintiff's claims are legally insufficient as a matter of law because they are based upon allegedly dangerous and defective road conditions which were not set forth in the plaintiff's notice to defendant dated November 8, 1988. The plaintiff argues that the notice is sufficient because it served the purpose of directing the defendant to inquire as to the condition of the stop sign in question as it affected the public safety.
The notice provides in pertinent part:
 CAUSE: The stop sign at intersection of James Road Extension and Route 165 was covered or obscured and there were not sufficient markings so as to indicate to a motorist traveling southbound on James Road Extension that there was an intersection at that location.
Although the notice does not go into great detail about the nature of the problem at the intersection, no such detail was required. The plaintiff's notice directs the defendant's attention to the stop sign and the surrounding area and, therefore, is sufficient to allow the defendant to protect his interests and enable him to make an inquiry to that end.
Accordingly, the Court finds that the plaintiff has met the statutory notice requirements of Section 13a-144.
III.
The plaintiff previously attempted to bring a Section 13a-144 claim against the defendant by a complaint dated April 5, 1990. In a memorandum of decision dated May 13, 1991, Teller, J. granted the defendant's motion to strike the plaintiff's Section 13a-144 claim on the ground that the defendant has no duty to maintain any alleged defect with respect to a town road or the intersection of a town road with a state road.
In order for plaintiff's cause of action under Section 13a-144 to survive a motion to strike, the court must determine that the defendant owed a duty to the plaintiff. White v. Burns, supra, 330-31. The defendant argues that there was no duty to maintain the area where the alleged defective condition existed, and, therefore, the second count of plaintiff's amended complaint should be stricken. The CT Page 10223 defendant argues primarily that because Section 13a-99a(c) places the duty to maintain the area surrounding the stop sign upon the town, the defendant was relieved of its duty.
The defendant cites Heller v. Brown, 29 Conn. Sup. 365
(1971), for the proposition that the state had no duty to maintain the stop sign in question. In Heller, a case factually similar to the present case, the court granted the state's motion for summary judgment after it had been established that the state had no duty to maintain an obstructed stop sign. In granting the motion, the court relied on evidence supplied in part by an affidavit from the then acting highway commissioner.
However, in ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, supra, 278. The plaintiff has alleged in her amended complaint that the defendant "placed the stop sign. . .in an improper position" and "improperly — maintained" the stop sign. Construing the facts most favorably to the pleader, the plaintiff has sufficiently alleged that it was the defendant's duty to maintain the stop sign.
IV.
In Hoyt v. Danbury, 69 Conn. 341, 352 (1897), the Supreme Court stated with respect to a defect in the plan upon which a highway was constructed that "were the plan of construction adopted one which was totally inadmissible, . . .the highway would have been in such a defective condition as to have been out of repair from the beginning." The Supreme Court's statement has been commonly referred to as the Hoyt exception.
The defendant has moved to strike the plaintiff's `claim on the ground that the plaintiff has not alleged in the second count that the plan of construction was totally inadmissible and out of repair from the beginning. The defendant cites Ceccarelli v. Kiernan, 6 CLT No. 32, p. 14 (Super.Ct., August 11, 1980, Hendel, J.), in support of the contention that a failure to allege that a plan was "totally inadmissible" under the Hoyt exception makes the claim legally insufficient. However, in the Ceccarelli case, the plaintiff failed to allege anywhere in the complaint that the plan was totally inadmissible.
In the present case, the plaintiff has alleged in paragraph 3.d of the second count that "the plan of construction for said road at the intersection of Route 165 and James Road Extension was one which was totally CT Page 10224 inadmissible." "It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action," (the court) must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69, 74
(1985). Construing the facts most favorably to the pleader, the Court finds that the plaintiff has sufficiently alleged a cause of action under the Hoyt exception.
V.
For the reasons stated above, the Court denies the defendant's motion to strike the second count of the plaintiff's amended complaint.
HENDEL, J.