[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This action was brought pursuant to General Statutes Section 13a-144 by the plaintiff against defendant Commissioner of Transportation, claiming damages as a result of a motor vehicle accident which occurred on August 12, 1990, when the plaintiff was operating a motor vehicle on Route 14A in Plainfield. The plaintiff alleges that he lost control of CT Page 933 his vehicle due to a large pool of water flooding the roadway and hit a utility pole causing the plaintiff injuries. The plaintiff alleges that his injuries were caused by the negligence or carelessness of the defendant or his agents, servants and employees.
The defendant has filed a motion to dismiss on the grounds that the plaintiff failed to give the defendant adequate notice pursuant to Section 13a-144.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). In ruling on a motion to dismiss, the court must accept as true all material factual allegations and construe them most favorably to the plaintiffs. American Laundry Machinery, Inc. v. State,190 Conn. 212, 217 (1983).
The State of Connecticut is immune from suit unless it consents to be sued. White v. Burns, 213 Conn. 307, 312
(1990). Section 13a-144 imposes liability upon the state for injuries or damages caused by defective highways, bridges or sidewalks. Since the cause of action is statutory, it is strictly construed and must satisfy the requirements of the statute. Shine v. Powers, 37 Conn. Sup. 710, 711 (1981).
The giving of notice to the commissioner pursuant to Section 13a-144 is a condition precedent to maintaining a suit for defective highway. Kuchinski v. Burns, 23 Conn. App. 198,200 (1990). The requisite notice serves a dual purpose: "(1) to prompt the commissioner to make the inquiry deemed necessary for the protection of his interests, and (2) to afford the information reasonably necessary to enable him to make inquiry to that end." LoRusso v. Hill, 139 Conn. 554, 560
(1953). Section 13a-144 requires five elements for giving proper notice: (1) written notice of the injury; (2) a general description of the injury; (3) the cause thereof; (4) the time, (5) and the place of its occurrence.
"Ordinarily, the question of adequacy of notice `is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.'" Zotta v. Burns, 8 Conn. App. 169,173 (1986). However, before submitting this question to the jury, "the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the statutory requirements." Id. The inquiry as to the sufficiency of notice given is: "Does the notice reasonably protect the interests of the defendant under the particular circumstances of the case?" Schaap v. Meriden, 139 Conn. 254, CT Page 934 256 (1952). The description in the notice need not be as detailed as that in the complaint; however, the mere assertion that the injury or damages occurred is insufficient. Shine v. Powers, supra at 712.
Section 13a-144 requires the plaintiff to provide notice to the defendant of the place of the injury before the plaintiff can proceed with his claim for personal injuries and the defendant contends that the court should dismiss the present claim because the plaintiff has failed to adequately describe the location of the injury in his notice to the defendant. The plaintiff argues that he has complied with the notice requirements of Section 13a-144, or, in the alternative, that the question of whether notice was sufficient should be left for the trier of fact.
In the present case, the plaintiff's amended notice of injury dated October 15, 1990, describes the location of the injury as "Route 14A, Plainfield, Connecticut."
In Schaap v. Meriden, supra at 255-56, the notice of injury stated that the plaintiff, while walking "on the southerly side of the street and highway known as West Main Street, Meriden, near the intersection of Runge Avenue, did step into a hole existing in said street and highway near the edge of a manhole cover." The Supreme Court said at page 257 that the notice "utterly fails in its purpose . . . and was insufficient as a matter of law." In the present case, the notice is much less specific than the notice in the Schaap case and could not allow the defendant to reasonably protect his interests under the particular circumstances of this case.
The plaintiff claims that the defendant did have notice of the exact location of the accident in as much as the Plainfield police notified the Department of Transportation within an hour of the accident that an accident had occurred on "14A by Scout Camp." However, such notice was not furnished by the plaintiff "to the commissioner." See Zotta v. Burns, supra at 174; Moffett v. Burns, 14 C.L.T. 33 (Pickett J., August 22, 1988).
Accordingly, because the description in the plaintiff's notice does not satisfy the purpose of allowing officers of municipal corporations to inquire into facts of the case intelligently; Ozmun v. Burns, 18 Conn. App. 677, 680
(1989); the plaintiff has failed to satisfy the statutory notice requirement.
The plaintiff's alternate argument, that the adequacy of the notice should be decided by the trier of fact, CT Page 935 is unavailing. As stated previously, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet the statutory requirements. Zotta v. Rumo, supra at 133.
For the reasons stated above, the court grants the defendant's motion to dismiss the plaintiff's complaint.
HENDEL, J.