[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case the plaintiff has sued the city claiming she fell down due to a defective condition in the sidewalk. The defendant city has filed a motion for summary judgment claiming the present action was not properly brought pursuant to § 13a-149 of the General Statutes. At common law a municipality owes no duty to exercise due care to make its highways safe for pedestrian travel and liability can only be based on the statute. Lukas v. New Haven,184 Conn. 205, 212 (1981).
(1)
The first ground for the defendant city's motion for summary judgment is that P.B. § 109A has not been complied with since the pleading, here the complaint, does not refer to § 13a-149. The defendant admits that two cases have held P.B. § 109 is directory not mandatory, Rowe v. Godou, 209 Conn. 273 (1988) and DeVita v.Esposito, 13 Conn. App. 101 (1987) but argues that these cases are "distinguishable". It is unclear how the explicit language of a practice book section could be directory in some cases and mandatory in others. It is difficult to see how any reading ofDeVita could be helpful to the defendant. In DeVita the failure to specify the exact statute in the complaint was not fatal. The court notes that "in all actions to quiet title, there is a single statute, General Statutes § 47-31, which is applicable to a plaintiff's claims and which, in fact, supersedes any common law actions brought to determine record title or to claim any interest in real property." Then the court goes on to say: As a resultthere could have been no confusion about the basis for theplaintiff's cause of action, and there could be doubt that GeneralStatutes Section 47-31 served as a basis for the plaintiff's actionto quiet title." 13 Conn. App. at pp. 103-104. (emphasis added).
The Supreme Court in Rowe v. Godou supra specifically approved the holding and reasoning of the decision of the appellate court Id. p. 275 P.B. § 109A, Rowe v. Godou 12 Conn. App. 538 (1987). There the court said in speaking of P.B. § 109: CT Page 11561
 ". . . such a rule promotes the often expressed judicial policy of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court. Such a rule improves the efficient movement of the court's business for the convenience and benefit of litigants before it. Its purpose is desirable, but not mandatory. The rule does not expressly or implicitly invalidate a pleading for failure to comply."[1]
Reading DeVita and Rowe together it really comes down to deciding whether the complaint gives fair notice of the statutory claim. See also Steele v. Stonington, 225 Conn. 217 (1993) where failure to reference § 13-149 in the complaint was held not to be fatal even though an incorrect statute was referred to in the pleadings. The court noted that the three bases of § 13-149a statutory liability were satisfied by the pleadings and that saved the complaint id. pp. 220-221.
In this matter a suit was brought with a complaint dated January 19, 1987. The first suit was withdrawn and this suit was filed with a complaint dated January 20, 1988. Then that complaint was amended. Looking at the complaint in the first suit which was dated January 19, 1987 and this complaint it is difficult to see how it can be maintained that the defendant did not have notice that a statutory claim under § 13a-149 was being made as opposed to a common law claim in negligence.
As in DeVita a common law claim couldn't be made against the city on the grounds alleged in either complaint. As noted inSteele v. Stonington, supra the difference between a § 13a-149
action and one predicated on negligence is "paper thin", Id. p. 220 so that "it was not inappropriate for the plaintiff to allege negligence in stating a claim under § 13a-149", Id. p. 221.
The January 1987 and January 1988 both allege a defect in the roadway and that the plaintiff was exercising due care. The latter allegation is hardly a requirement at common law but certainly a requirement for an action under § 13a-149 Rodriguez v. New Haven,183 Conn. 473, 476 (1981). CT Page 11562
References to statutory requirements are made in both complaints. Paragraph 11 of the January 1987 complaint says "the plaintiff has commenced the suit within the time limit by statute to commence a suit against a municipality. The January 1988 suit in paragraph 10 references "Notice to the Town Clerk marked as Exhibit A" which exhibit contains a copy of the January 1987 suit which as noted contains paragraph 11. The inescapable conclusion is that these complaints were based on § 13a-149 and anyone reading them would come to the same conclusion.[2] In fact the notice here is even stronger than that given the defendant in Steele v.Stonington, supra. In that case there was an incorrect statutory citation and the plaintiff didn't even allege in the complaint that he was in exercise of due care which must be alleged in a § 13a-149
action.
(2)
The defendant city also argues that it is entitled to have summary judgment granted in its favor because the initial complaint, if it can be regarded as the statutory notice, did not comply with the notice requirements of the statute. It is true that if notice is not complied with an action cannot be maintained under § 13a-149, Marino v. Town of East Haven, 120 Conn. 577 (1935). Ordinarily the question of notices is for the jury but the court can determine if the notice given is defective as a matter of law,Bresnan v. Frankel, 224 Conn. 23, 28 (1992).
In this case the complaint of January 1987 is being relied on for notice under the statute since it was brought within ninety days of the fall. The defendant first argues that the notice must be strictly construed and the notice does not give the time of the fall; this is "key information because it reflects upon plaintiff's ability to see where she was going.", p. 10 of defendant's brief. The complaint said the fall occurred "on or about January 9, 1987." The defendant doesn't argue that the notice is defective as to the date but merely focuses on the fact that no time of day is given. This is understandable since the "on or about" language in these complaints are merely words of art. In any event the reported cases seem to indicate notice of the date is sufficient Schmidt v.Manchester, 92 Conn. 551, 554 (1918) and if the date is given the hour of the day need not be specified, Lilly v. Town of Woodstock,59 Conn. 219, 224 (1890).
The defendant also argues that the defect was never described adequately. The January 1987 complaint says the defect varied in CT Page 11563 depth to 3 inches, being irregularly, shaped. The defendant points out that the complaint never says the defect was a crack, a hole, an uneven seam between slabs of concrete or anything else of a more specific nature. It should be noted that the complaint does give an exact location of where the fall occurred — an address is given with a measurement in feet and inches as to where the defect could be located in the sidewalk. We're talking about actual notice, sufficient so that a municipality can defend itself. It is a matter of common observation that sidewalks are and ought to be level for the safety of pedestrians. When a plaintiff pinpoints the exact location of an alleged defect in a sidewalk and says the "defect (was) varying in depth to 3 inches, being irregularly shaped" the plaintiff is referring to a hole in a sidewalk and the city following the instructions in the complaint can locate that hole. This appears to be adequate notice cf Wladyka v. City ofWaterbury, 98 Conn. 305, 307 (1922), Schmidt v. Town of Manchester,92 Conn. 551, 552 (1918) at least where it is coupled with a description which would enable the defect to be exactly located. This is enough information for the town to have made "an intelligent investigation", Schmidt v. Manchester, Id at p. 553. In any event based on these factors I cannot conclude as a matter of law that the notice was inadequate as to the description of the defect actually given.
The defendant also claims the notice is defective because the description of the injury was not adequate. The complaint alleges the injury was a "severe injury to her lower left extremity which will be painful and permanent in nature, and aggravated pre-existing injuries to both wrists." The statute merely requires "written notice of . . . injury with a general description of the same" (see § 13a-149). Cf. Goerdel v. Meriden, 7 Conn. Sup. 379,380 (1939) where notice indicated the plaintiff "sustained an injury to his ankle which will disable him for some time." InCorona v. New Haven, 3 Conn. Sup. 308, 311 (1936) the court held notice given there was inadequate but said "the requisite thing is to state not how severely one was injured, but what part of his body was injured."
Here the plaintiff said she received injury to her (A) lower left extremity which I take to mean the lower left part of her leg and (B) to her wrists by way of aggravation of a pre-existing injury. The leg injury is described as painful. The location of the injuries is indicated and that the leg injury is painful. I believe this is enough under the statute. This is a reasonable interpretation of the statute since notice must be given in ninety CT Page 11564 days and the details of soft tissue injuries may be difficult to describe with more accuracy in that time frame. Cases which have held that there was insufficient description of the injury are situations where no description at all is given of the injury, Dunnv. Ives, 23 Conn. Sup. 113 (1962), the plaintiff just said she "got hurt", Main v. North Stonington, 127 Conn. 711, 712 (1940), or a case where the plaintiff merely said she was "seriously injured",Corona v. New Haven, supra. at p. 310.
(3)
The defendant also cites § 14 of the Public Act 86-338 which states in § 13a-149 actions written notice shall be filed within 90 days after the alleged injury caused by a defect unless the action is commenced by a complaint which gives the municipality the necessary notice. the defendant argues if the complaint filed in January 1987 is considered sufficient notice it cannot serve to meet the notice requirement of the action now pending before the court which was brought in January 1988 because the January 1987 action was withdrawn. The point is, however, that the January 1988 action was brought within the two year limitation period of §13a-149 and the January 1987 complaint although withdrawn provided the required notice whether it was withdrawn or not. Or to look at it from a different perspective the January 1988 complaint was brought within two years; the January 1987 complaint it relies on for notice was certainly "written" and it was served on the city clerk which is all that § 13a-149 requires in any event.
The motion for summary judgment is denied.
Thomas Corradino, Judge