[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CITY'S MOTION FOR SUMMARYJUDGMENT
This is an action arising out of injuries allegedly suffered by the plaintiff when she fell on a sidewalk. The action against the defendant City was brought pursuant to § 13a-149 of the General Statutes against the City of West Haven. The defendant City has now filed a motion for summary judgment which turns solely on the issue of the adequacy of notice under the statutory provision. There are no facts that are in dispute between the parties; the motion depends on resolving questions of law.
Under § 13a-149 a person has 90 days within which to give the notice specified in the statute "to a selectman or the clerk of such city." The incident here took place on March 15, 1993 and the plaintiff sent a notice dated April 2, 1993 to the City which was received by its town clerk on April 5, 1993.
The statute requires that that written notice be given of the injury and a general description of the same, the cause of the injury and the time and the place of its occurrence. The notice of April 2 gives notice of the time and place of the injury. The location of the incident is somewhat ambiguous — it says the injury occurred to the plaintiff while she was walking on the sidewalk "known as Boylston Street and West Spring Street, in West Haven." This cannot be considered to be adequate notice of the place of injury and there is no information as to the cause CT Page 9884 of the injury in this letter of April 2. The purpose of notification of place and cause of the injury is to enable the town to make an adequate investigation and this notice does not allow the town to do so, cf. Schmidt v. Manchester, 92 Conn. 551,552, 553 (1918).
The description of the injury is not as detailed as it could be. The letter indicates the plaintiff fell and injured her left leg and that she received treatment from a certain doctor at a hospital subsequent to the fall. In Goerdel v. Meriden,7 Conn. Sup. 379, 380 (1939) the notice as to injury was that the plaintiff "sustained an injury to his ankle which will disable him for some time." The court held that this was sufficient notice. The notice in Corona v. City of New Haven, 3 Conn. Sup. 308,211 (1936) was held inadequate as to injury where it said the injured party "was seriously injured, her injuries resulting in her death." The court said death is a condition not an injury and said. "The requisite thing is to state not how severely one was injured but what part of his (sic) body was injured." On the other hand, where the notice said the plaintiff suffered "an injury to her knee," this was held to be an insufficient notice.Dunn v. Ives, Highway Commissioner, 23 Conn. Sup. 113, 114
(1961). of course, where the notice just said the plaintiff "got hurt", that won't do. Main v. North Stonington, 127 Conn. 711,712 (1940).
The court considers that the notice as to injury was adequate here. The usual rubric is that statutes such as § 13a-149
are in derogation of the common law and must be strictly construed. But they are not in derogation of common sense. In many types of injuries, such as soft tissue injuries, it is difficult to give a more detailed description than the location of the injury within the 90 day period. Here the lady said she injured her left leg and gave the name and address of her doctor. What more could the City want to protect its interest in this 90 day period?
In any event, after the letter to the town clerk of April 2, 1993, the deputy corporation counsel for the City wrote counsel for the plaintiff on April 12, 1993. He said, in reference to the claim made, "I am requesting further information as to the exact location of said falldowns. Please provide me with this information as I will need to forward same to our insurance carrier and our sidewalk inspector so that he may locate the alleged defects." On April 15, 1993 counsel for the plaintiff CT Page 9885 wrote back to the deputy corporation counsel; he enclosed the police report saying it should provide the exact location of the fall. He goes on to say that the plaintiff fell due to the icy condition of the sidewalk and the accident took place at the intersection of Boylston Street and West Spring Street; the attached police report gave the location as 40 Boylston Street.
The defendant City's main contention is that the additional items and information sent to the corporation counsel's office do not cure the inadequacy of the original notice because they were not sent to the clerk as required by statute. As the court remembers, counsel for the City conceded at oral argument that if notice to the corporation counsel was proper notice then there would be not deficiency with the notice given. Since the court has already held that notice of injury was adequate in the April 2 notice, for purposes of this discussion at least, that is assumed, i.e., that the issue of description of the injury is no longer in this case. In any event, it is clear that the April 15 letter to the City's lawyer is well within the 90 day limit and describes the cause of the fall and the location, the date and time already having been given in the April 2 letter. On the question now before the court the defendant places great reliance on Zotta v. Burns, 8 Conn. App. 169, 173 (1986).
There are two difficulties with the defendant City's position presented by the facts of this case. The Zotta case involved a suit against the Commissioner of Transportation so that §13a-144 of the General Statutes applied. Section 13a-144 requires that notice be sent "to the commissioner" as to the time, place of the accident, cause, and the resulting injuries. In that case the question was whether proper notice had been given. The original notice gave an incorrect location of the accident and failed to state the time it had occurred. Within the 90 day notice period, the plaintiff's attorney sent further information to the defendant's insurance company. The court found even the new information contained ambiguity as to the location and time of the accident. It held that the trial court erred in finding the notice given sufficient as a matter of law. The court went on to say at 8 Conn., page 174:
 "Even if we were to assume that such an ambiguous notice was sufficient to meet the threshold requirements of General Statutes § 13a-1-14 so as to permit the question of validity to go to the jury, it is clear that CT Page 9886 this notice was not sent `to the commissioner' as the statute requires. Construing the statutory requirements strictly as we must, we conclude that the plaintiff's correspondence, which was forwarded to the defendant's insurance company, failed to meet the requirement of notice `to the commissioner.'"
Here too, the deficiency of the original notice of April 2nd was supplemented by the added information given the defendant's corporation counsel on April 15, 1993 but that information was not given to the "clerk" of the Town as required in § 13a-149. Should the same result be reached as in Zotta v. Burns
supra? The court does not believe so for the reason that §13a-149 has a so called savings clause. It says: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears there was no intention to mislead or that such town, city, corporation, or borough was not in fact misled thereby."
Obviously, there was no intention to mislead here — the necessary information was sent to the corporation counsel almost immediately after it was requested less than a month after the accident and well within the ninety day notice period. Also, if the legislature has determined that notice within the ninety day period is adequate, it is difficult to understand how a good faith claim could be made that the city was mislead here if the necessary information was given to the lawyers representing the City and its interests within that ninety day period.
Although the statutorily described "notice" has to be given to the "clerk" of the town, absent such "notice to the "clerk", the savings clause itself doesn't require that the criteria by which a court determiners if there was an intention to mislead or whether the town was misled must be confined to examining what information was later sent to or otherwise made available to the "clerk" apart from the original "notice" which was inadequate. If a court determines the city was not misled and there was no intention to mislead since the necessary information in fact got to the city's lawyers, it would completely defeat the ameliorative intent of the savings clause to require that that added information, which would allow the city to defend itself because it was not, in fact, misled, had to be sent to the clerk CT Page 9887 before a finding could be made that the city was not misled. Such an interpretation would violate the plain language of the statute.
The fact that actions such as these are in derogation of the common law and enabling statutes must be read strictly does not mean a court can ignore the obvious attempts of the legislature to relax harsh applications of statutory language. Leaving aside the savings clause, there is another aspect of this case that the court believes argues against the city prevailing on its motion.Zotta v. Burns, supra, involved a situation where an employee of the commissioner had told the plaintiff to send the necessary information, not included in the original notice, to the defendant's insurance company. The court rejected an estoppel argument. Saying at pages 175-176 that: "Estoppel against a governmental agency may be invoked only in limited instances and with great caution." Ordinarily, the party who claims estoppel must show the party against whom estoppel is claimed induced another to believe certain facts exist and to act on that belief and the other party must change its position in reliance on those facts.
Zotta goes on to say to invoke an estoppel claim against a government agency the claimant must also show the government agent who induced the detrimental reliance had authority to act in such matters and "that special circumstances exist which make it highly inequitable or oppressive to enforce the applicable law." The party trying to rely on estoppel must show it exercised due diligence in ascertaining the legality of its conduct and not only lacked the knowledge of the true state of things but had no way to conveniently acquire that knowledge. In Zotta the court refused to apply the estoppel doctrine against the defendant commissioner because there was no evidence that the plaintiff lacked knowledge of the true state of things or a convenient way to correct it; "To the contrary, it is clear that had the plaintiff `exercised due diligence in ascertaining the legality' of his conduct . . . he would have known that the statute specifically required notice to the defendant rather than to the defendant's insurance carrier."
It seems to the court that different considerations are raised when a lawyer for the defendant City and not some undefined employee with no ascertainable right or assigned responsibility to protect the City's interests writes a letter to the plaintiff or his or her lawyer saying that in reference to CT Page 9888 your claim, I request further information as to the location of the falldown and so that our carrier and a city official can inspect the alleged defect. This defines the notice which the individual charged with representing the City's interests deems necessary to accomplish that goal which was the whole purpose of requiring adequate notice in the first place — the right of the city to fairly defend itself. Query whether a lawyer for the plaintiff would even be acting appropriately if after receiving a letter like this from opposing counsel he or she communicates directly wit the clerk by giving the clerk the information requested by the town's lawyer? True, as in Zotta the plaintiff's lawyer could easily ascertain that the further information requiring adequate notice in the first place — the right of the city to fairly defend itself. Query whether a lawyer for the plaintiff would even be acting appropriately if after receiving letter like this from opposing counsel he or she communicates directly wit the clerk by giving the clerk the information requested by the town's lawyer? True, as in Zotta the plaintiff' lawyer could easily ascertain that the further information requested was not originally provided and ought to have been given to the clerk but where the request for the same information comes not as in Zotta from some unidentified employee but from the town's lawyer, why would plaintiff's counsel think he'd have to go through the redundant task of forwarding the same information to the lawyer and the clerk. If the clerk got the information he or she would have forwarded it to the lawyer for the City in any event?
For the foregoing reasons, the motion for summary judgment is denied.
CORRADINO, J.