[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
On December 7, 1994, the plaintiff, Jason Roberts, was involved in a motor vehicle accident with defendant, Wanda Givens. In a complaint dated December 4, 1996, the plaintiff brought a four-court action alleging injuries resulting from the accident. The fourth count of the complaint is based on General Statutes § 13a-144 and named the State of Connecticut, through the Commissioner of Transportation, as defendant.
In a motion to dismiss dated December 31, 1996, the defendant Commissioner moved to dismiss the fourth count of the complaint arguing that statutory notice of the accident received by the defendant on February 10, 1995 was inadequate as a matter of law. The plaintiff filed an objection to the motion dated January 6, 1997. The defendant replied to the objection on January 15, 1997. Plaintiff's response to defendant's reply was dated January 17, 1997. Argument was held at short calendar on November 24, 1997.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 689 A.2d 1145 (1997).
General Statutes § 13a-144 provides in relevant part that: "any person injured in person or property through the neglect or default of the state . . . by means of any defective highway, bridge or part of such road . . . may bring a civil action to recover damages sustained thereby against the CT Page 13991 commissioner. . . . No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of time and place of its occurrence has been giving in writing within ninety days. . . ." The defendant argues that in the present case, the plaintiff has failed to meet the stated guidelines of the statute. In particular, the defendant argues that plaintiff's notice of "injuries to the thoracic and lumbar spine" is inadequate and thus deprives the court of subject matter jurisdiction. The plaintiff disagrees and argues that, as required by statute, he has sufficiently provided a general description of his injuries.
"It is well established law that the State is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. . . . Section 13a-144 creates a legislative exception to this common law rule and therefore must be strictly construed. . . . The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists. . . . The sufficiency of the notice is tested with reference to the purpose for which it is required. . . . The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently, and to protect the state's interests." (Citations omitted; internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23, 25-26, 615 A.2d 1040
(1992). Failure to comply with the notice provision of the statute may be raised on a motion to dismiss. Collins v. City ofMeriden, Superior Court, judicial district of New Haven at Meriden, Docket No. 234632 (July 30, 1990, Gaffney, J.) (2 Conn. L. Rptr. 401).
"The obvious purpose of requiring that the claimant give a description of his or her injury was to put the commissioner on notice of the seriousness of the accident and the extent of the investigation which is necessary to protect the interests of the state. This purpose is underscored by the language of the 13a-144
which merely requires a `general description of the injury' whereas all the other notice requirements — that is, the cause, time and place — are not so qualified." (Citations omitted.) Vestutu v. Burns, Superior Court, judicial district of New Haven at New haven, Docket No 274390 (February 15, 1991, Berdon, J.). More specifically with reference to the injury, "a general description which will apprise the recipient of the CT Page 13992 nature of it is sufficient; and the extent of the burden of furnishing information upon that subject is to be determined by the circumstances of the case and with the view that this burden is not to be unreasonably increased by a demand for information which . . . could not reasonably be expected." (Citations omitted; internal quotation marks omitted.) Flynn v. FirstNational Bank Trust Co., 131 Conn. 430, 433, 40 A.2d 770
(1944).
The courts interpreting the sufficiency of the description of injury required by notice under General Statutes §§ 13a-144 or13a-149 (the counterpart to 13a-144, making municipalities liable for highway defects)[1] have varied in their interpretations. One court has stated that in a description of the injury, the "requisite thing is to State, not how severely one was injured, but what part of his body was injured." Corona v. City of NewHaven, 3 Conn. Sup. 308, 310, ___ A.2d ___ (1936). In direct contradiction, another court has held that notice must "utterly fail" when the notice merely stated that the claimant "received an injury to her knee." Dunn v. Ives, 23 Conn. Sup. 113, 116,177 A.2d 467 (1961). Still, another court's interpretation of the notice requirement of § 13a-144 found notice to be sufficient when the claimant merely described the injuries as "severe personal injuries." Vestutu v. Burns, supra, Superior Court, Docket No. 274390. Cf. Corona v. City of New Haven, supra, 3 Conn. Sup. 310, (the word `seriously' is not sufficient to bring the notice within the essentials of the statute); Mazur v. DeFoe, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 535280 (May 26, 1995, Corrandino, J.) (notice stating that "as a direct result of the fall [the plaintiff] sustained serious personal injuries" was held, with some reservations, inadequate under § 13a-149).
The courts have been the most consistent in finding that a notice that fails to mention any sort of injury is inadequate as a matter of law. See Malavenda v. White Oak Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 532394 (April 18, 1994, Wagner, J.) (notice stating that highway deficiencies were "directly responsible for any and all of the losses and damages resulting from the collision" found inadequate); Consiglio v. Motto, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 375232 (August 27, 1991, Wagner, J. ) (no notice of any injuries at all). Notices that claim injuries but describe them as being uncertain for the moment have also generally been found to be CT Page 13993 inadequate. Marino v. East Haven, 120 Conn. 577, 182 A. 225 (1935) (notice inadequate where it was alleged the plaintiff "suffered substantial injuries, the extent of which at this date, cannot be determined").
In the present case, the plaintiff's notice to the defendant commissioner states: "Mr. Roberts sustained injuries to the thoracic and lumbar spine. The extent of these injuries are not known at present. These injuries required medical treatment, causing him great pain from which he still suffers." (Plaintiff's Complaint, Exhibit B). "Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one of the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts to the particular case. . . ." Lussier v. Department of Transportation,228 Conn. 343, 354, 636 A.2d 808 (1994).
A description of injury in the notice, while not as detailed as a complaint, must give a description that is beyond the mere assertion that the injury or damage occurred. Shine v. Powers,37 Conn. Sup. 710, 712, 435 A.2d 375 (Appellate Session of Superior Court, 1981). In the present case, while the plaintiff does invoke the anathema catchall of "the extent of these injuries are not known at present, "the plaintiff also specifically mentions the afflicted areas: the thoracic and lumbar spine. In Davidsonv. Frankel, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544340 (September 18, 1995, Berger, J.), the court held that notice of a "cervical sprain" was "sufficiently specific enough to enable the commissioner to make timely investigation into the plaintiffs' spinal injuries." This logic applies equally as well to notice of injuries to the thoracic and lumbar spine.
Neither the statute itself, nor the applicable case law, with the seeming exception of Dunn v. Ives, supra, 23 Conn. Sup. 116, requires that specific type of injury be alleged in addition to or beyond the afflicted body part. A general description of injuries suffered to the "lower extremities" was found to be sufficient notice to the § 13a-149 requirement. See Ortiz v.City or Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304643 (March 17, 1995, Levin, J.); see also Goerdel v. Meriden, 7 Conn. Sup. 379, 380
(1939) ("an injury to the ankle which will disable him for some time"). Moreover, the plaintiff's statement that he suffers CT Page 13994 "great pain" should have helped alleviate the concerns expressed in Dunn v. Ives, supra, 23 Conn. Sup. 116, that the supposed notice may have been vaguely concerned with "any injury whether it was very trivial or very serious. . . ." See Antrum v. City ofNew Haven, Superior Court, judicial district of New Haven at New Haven, Docket No 267211 (October 4, 1995, Corradino, J.) ("The location of the injury is indicated and that the leg injury ispainful. I believe that this is enough . . . .") (Emphasis added).
Accordingly the State of Connecticut's motion to dismiss is denied as the plaintiff's notice in the present case does not patently fail to meet the notice requirements. The question of the adequacy or sufficiency of notice thus becomes a question for the trier of fact.
Skolnick, Judge