[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS
The defendant Connecticut Resources Recovery Authority (CRRA), moves to dismiss this administrative appeal on the ground that it was not filed within the statutorily mandated time period under General Statutes §§ 4-183 and 1-21i(b).
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. Planning Commission, 222 Conn. 294, 297
(1992). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS BallBearing, 237 Conn. 1, 4 (1996).
"It is axiomatic that when a procedure is established by statute, lack of strict compliance with the statute makes the matter subject to dismissal for lack of jurisdiction. Shine v. Powers, 37 Conn. Sup. 710, 711,435 A.2d 375 (1981). This principle has been applied to, inter alia, appeals from administrative agencies to the courts; Donis v. Boardof Examiners in Podiatry, 207 Conn. 674, 683, 542 A.2d 726 (1988)."State v. Carey, 25 Conn. App. 421, 426-27 (1991).
The plaintiff's appeal encompasses three separate actions by the CT Page 529 defendant Freedom of Information Commission (FOIC). CRRA argues that this court lacks subject matter jurisdiction to hear the plaintiff's appeal from all three actions.
As to the first two actions of the FOIC, the applicable statute is General Statutes § 1-21i(b)(2), which reads, in pertinent part,
 If the executive director of the commission has reason to believe an appeal under subdivision (1) of this subsection or subsection (c) of this section (A) presents a claim beyond the commission's jurisdiction; (B) would perpetrate an injustice; or (C) would constitute an abuse of the commission's administrative process, the executive director shall not schedule the appeal for hearing without first seeking and obtaining leave of the commission. The commission shall provide due notice to the parties and review affidavits and written argument that the parties may submit and grant or deny such leave summarily at its next regular meeting. The commission shall grant such leave unless it finds that the appeal: (i) Does not present a claim within the commission's jurisdiction; (ii) would perpetrate an injustice; or (iii) would constitute an abuse of the commission's administrative process. Any party aggrieved by the commission's denial of such leave may apply to the superior court for the judicial district of Hartford-New Britain, within fifteen days of the commission meeting at which such leave was denied, for an order requiring the commission to hear such appeal.
(Emphasis added.)
The first action arises from a December 11, 1996 letter by the plaintiff to the FOIC requesting that it reopen a 1986 FOIC decision and alleging non-compliance by CRRA with an October 9, 1996 FOIC order. The record reflects that on March 21, 1997, the CRRA filed a request under General Statutes § 1-21i(b)(2). (Return of Record (ROR), Item 3.) The CRRA requested that the executive director not schedule the plaintiff's appeal for a hearing without first obtaining leave of the commission on the grounds that the plaintiff's appeal perpetuated an injustice and constituted an abuse of the FOIC's administrative process. See General Statutes § 1-21i(b)(2). After notice, the FOIC voted at its April 9, CT Page 530 1997 meeting not to schedule the plaintiff's request for a hearing. (ROR, Items 6, 13). The plaintiff filed this appeal on May 27, 1997.
The second action that is the subject of this appeal arises from a February 9, 1997 letter the plaintiff sent to the FOIC objecting to the form and content of responses CRRA had made to his requests for information and correspondence. The record reflects that on March 21, 1997, the CRRA filed a request under General Statutes § 1-21i(b)(2) that the executive director not schedule a hearing without first obtaining leave of the FOIC. (ROR, Item 8.) After notice, the FOIC voted at its April 9, 1997 meeting not to schedule the plaintiff's request for a hearing. (ROR, Items 9, 13.) The plaintiff filed this appeal on May 27, 1997.
In light of the clear language of General Statutes § 1-21i(b)(2) and the undisputed facts of the record, the court finds that as to these two actions by the FOIC, it lacks subject matter jurisdiction to hear the appeal because it was not filed within fifteen days of the April 9, 1997 meeting. See McQuillan v. Department of Liquor Control, 216 Conn. 667, 670
(1990).
As to the third action upon which this appeal is based, the plaintiff requested the FOIC by letter dated January 7, 1997, to reopen a matter dismissed by the FOIC on November 12, 1986. On January 28, 1997, the FOIC sent the plaintiff a letter denying his request to reopen. This appeal was filed on May 27, 1997.
Under General Statutes § 4-183 (a),
 A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal.
The legislature has defined "final decision" in General Statutes § 4-166:
 "Final decision" means (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration.
CT Page 531
The denial of the plaintiff's request to open a decision over ten years old is not a final decision. "`The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances.'" Summit Hydropower v. Commissioner ofEnvironmental Protection, 226 Conn. 792, 800 (1993), quoting New EnglandDairies. Inc. v. Commissioner of Agriculture, 221 Conn. 422, 427 (1992). This is not one of those circumstances. Accordingly, the court lacks jurisdiction to hear this appeal.
For the foregoing reasons, the CRRA's motion to dismiss is granted.
DiPentima, J.